1  JOSEPH P. RUSSONIELLO (CASBN 44332)
   United States Attorney
2
   BRIAN J. STRETCH (CASBN 163973)
3  Chief, Criminal Division

4  DENISE MARIE BARTON (MABN 634052)
   Assistant United States Attorney
5
      450 Golden Gate Avenue, Box 36055
6     San Francisco, California 94102
      Telephone: (415) 436-7359
7     Facsimile: (415) 436-7234
      denise.barton@usdoj.gov
8
   Attorneys for Plaintiff
9

10              UNITED STATES DISTRICT COURT

11           NORTHERN DISTRICT OF CALIFORNIA

12               SAN FRANCISCO DIVISION

13

14  UNITED STATES OF AMERICA,        )   No.07-0454 PJH
                                      )
15          Plaintiff                 )   **JOINT PROPOSED JURY**
                                      )   **INSTRUCTIONS**
16          v.                        )
                                      )   Pre-Trial Conference: August 27, 2008
17  SHANNON BLAYLOCK and              )   Time:                1:30 p.m.
    TAWAKONI SEATON                   )
18                                    )   Trial Date:          September 15, 2008
            Defendants                )   Time:                8:30 a.m.
19  _____ )

20

21

22

23

24

25

26

27

28

Pursuant to the June 28, 2008 Order of Pretrial Preparation For Criminal Jury Trial *(ECF Docket No. 77)*, the parties hereby submit the following Proposed Jury Instructions on case specific issues of law.

The parties reserve the right to request such additional instructions as may become

//

//

//

//

necessary from rulings on motions in limine, presentation of the evidence at trial, or upon determination of the theory of the defense.

Date: August 13, 2008                    Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney


_____/s/_____
DENISE MARIE BARTON
Assistant United States Attorney


SHANNON BLAYLOCK
Defendant


_____/s/_____
Michael Stepanian
Attorney for Defendant Shannon Blaylock

1

2       In addition to the Model Jury Instructions to be given by the Court, as set forth in the June

3  28, 2008 Order of Pretrial Preparation For Criminal Jury Trial (*ECF Docket No. 77*), the parties

4  request that the Court give the following Model Criminal Jury Instructions for the Ninth Circuit.

5  The parties recognize that certain of these requested instructions will only be necessary upon

6  admission of certain evidence and reserve the right to modify these proposed instructions.

7       2.10        Other Crimes, Wrongs or Acts Evidence

8       2.11        Defendant's Photographs, "Mug Shots"

9       2.13        Disposition of a Charge Against a Co-Defendant

10      3.10        Evidence of Other Acts of Defendant or Acts and Statements of Others

11      3.11        Activities Not Charged

12      3.12        Separate Consideration of Multiple Counts

13      4.1         Statements By The Defendant

14      4.3         Other Crimes, Wrongs or Acts of Defendant

15      4.6         Impeachment, Prior Conviction of Defendant

16      4.8         Impeachment Evidence—Witness

17      4.9         Testimony of Witnesses Involving Special Circumstances, Immunity,

18                  Benefits, Accomplice, and Plea

19      4.14        Eyewitness Identification

20      4.18        Summaries Not Received in Evidence

21      4.19        Charts and Summaries in Evidence

22      5.6         Knowingly—Defined

23

24      The parties further request that the Court give the following instructions on substantive issues

25  of law:

26

27

28  JOINT PROPOSED JURY INSTRUCTIONS, CR 07-0454 PJH

## CONSPIRACY— ELEMENTS

(MODEL INSTRUCTION 8.16)

JOINT PROPOSAL

The defendant is charged in Count One of the indictment with conspiring to engage in sex trafficking in violation of Section 1591 of Title 18 of the United States Code.  In order for each defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning in or about February 2007, and ending on or about March 22, 2007, there was an agreement between two or more persons to commit at least one crime as charged in Count One of the indictment; and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that the defendant personally did one of the overt acts.

---

**Authority:**

Manual of Model Criminal Jury Instructions For the District Courts of the Ninth Circuit, Instruction 8.16.

## CONSPIRACY—ELEMENTS

(MODEL INSTRUCTION 8.16)

The defendant is charged in Count One of the indictment with conspiring to engage in sex trafficking in violation of Section 1591of Title 18 of the United States Code.  In order for each defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning in or about February 2007, and ending on or about March 22, 2007, there was an agreement between two or more persons to commit at least one crime as charged in Count One of the indictment; and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped

6

one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that the defendant personally did one of the overt acts.

**CONSPIRACY—LIABILITY FOR SUBSTANTIVE OFFENSE**

**COMMITTED BY CO-CONSPIRATOR (*PINKERTON* CHARGE)**

**(MODEL INSTRUCTION 8.20)**

**JOINT PROPOSAL**

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy. If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find the defendant guilty of Sex Trafficking of a Minor as charged in Count Two of the indictment if the government has proved each of the following elements beyond a reasonable doubt:

1. a person named in Count Two of the indictment committed the crime of Sex Trafficking of a Minor as alleged in that count;

2. the person was a member of the conspiracy charged in Count One of the indictment;

3. the person committed the crime of Sex Trafficking of a Minor in furtherance of the conspiracy;

4. the defendant was a member of the same conspiracy at the time the offense charged in Count Two was committed; and

5. the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

---

**Authority:**
Manual of Model Criminal Jury Instructions For the District Courts of the Ninth Circuit, Instruction 8.16.

JOINT PROPOSED JURY INSTRUCTIONS, CR 07-0454 PJH

8

**CONSPIRACY—LIABILITY FOR SUBSTANTIVE OFFENSE**

**COMMITTED BY CO-CONSPIRATOR (*PINKERTON* CHARGE)**

**(MODEL INSTRUCTION 8.20)**

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy. If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find the defendant guilty of Sex Trafficking of a Minor as charged in Count Two of the indictment if the government has proved each of the following elements beyond a reasonable doubt:

1. a person named in Count Two of the indictment committed the crime of Sex Trafficking of a Minor as alleged in that count;

2. the person was a member of the conspiracy charged in Count One of the indictment;

3. the person committed the crime of Sex Trafficking of a Minor in furtherance of the conspiracy;

4. the defendant was a member of the same conspiracy at the time the offense charged in Count Two was committed; and

5. the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

9

1

2

## SEX TRAFFICKING OF A MINOR – FIRST ELEMENT

3

JOINT PROPOSAL

4

5

6

7

8

9

10

The first element of the crime of sex trafficking of a minor requires that the defendant knowingly recruited, enticed, harbored, transported, provided, or obtained a person whom the defendant knew would be caused to engage in a commercial sex act <u>or</u> that the defendant knowingly did benefit, financially or by receiving anything of value, from participation in a venture that  recruited, enticed, harbored, transported, provided, or obtained a person whom the defendant knew would be caused to engage in a commercial sex act.

11

12

13

14

15

16

17

18

19

20

21

22

To satisfy this element, the government must prove either that the defendant knew that the person recruited, enticed, harbored, transported, provided or obtained would be caused to engage in a commercial sex act or <u>or</u> that the defendant knowingly did benefit, financially or by receiving anything of value, from participation in a venture that  recruited, enticed, harbored, transported, provided, or obtained a person whom the defendant knew would be caused to engage in a commercial sex act.  Although you may find that the government proved both that  the defendant knew that the person recruited, enticed, harbored, transported, provided or obtained would be caused to engage in a commercial sex act <u>and</u> that the defendant knowingly did benefit, financially or by receiving anything of value, from participation in a venture that  recruited, enticed, harbored, transported, provided, or obtained a person, the government is not required to prove both of these elements.

23

24

25

26

While it is not necessary for the defendant to be the one to cause the person to engage in a commercial sex act, the government must prove beyond a reasonable doubt that the defendant knew that the person would be caused to engage in such an act.

27

28

In considering whether a defendant did any of these things, I instruct you to use the ordinary, everyday definitions of these terms.

Recruit means to seek the services of or to enroll in support of oneself or others. To entice means to attract or lure using hope or desire. To harbor a person means to give or afford shelter or refuge to that person. To transport means to transfer or convey from one place to another. Provide means to supply or make available. To obtain means to gain, acquire, or attain. To benefit means to be helpful to or useful to.

The term "commercial sex act" means any sex act, on account of which anything of value is given to or received by any person. It is not necessary that the United States prove that the defendant, or even the victim gave or received the thing of value, but the government must prove beyond a reasonable doubt that something of value was given or received to or by somebody, on account of the sex act.

I instruct you that the word "value" is not limited to pecuniary gain. Money need not be involved in order for you to find that value was given or received on account of the sex act. However, you must find beyond a reasonable doubt that *something* of value was involved.

The term "venture" means any group of two or more individuals associated in fact, whether or not a legal entity.

An act is done "knowingly" if the defendant is aware of the act and does not act or fail to act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his or her acts or omissions were unlawful. You may consider evidence of

the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether

the defendant acted knowingly.

_____

**Authorities**:

18 U.S.C. § 1591.

18 U.S.C. 1591(c)(1) [Commercial Sex Act - Defined].

18 U.S.C. § 1591(c)(3) [Venture - Defined].

Smith v. United States, 508 U.S. 233, 228 (1993) ("When a word is not defined by statute, we normally construe it in accord with its ordinary or natural meaning").

United States v. Marmolejo, 89 F.3d 1185, 1191-1192 (5thCir. 1996) (anything of value includes intangibles, such as conjugal visits).

United States v. Williams, 705 F.2d 603, 623 (2d Cir. 1983) (construing "anything of value" language broadly in context of bribery statute).

Ninth Circuit Model Jury Instructions (2003 edition reflecting changes through May 2007)(defining "knowingly").

Black's Law Dictionary (Second Edition 2001).

The American Heritage Dictionary of the English Language, New College Edition (1976).

## SEX TRAFFICKING OF A MINOR – FIRST ELEMENT

_____    The first element of the crime of sex trafficking of a minor requires that the defendant knowingly recruited, enticed, harbored, transported, provided, or obtained a person whom the defendant knew would be caused to engage in a commercial sex act <u>or</u> that the defendant knowingly did benefit, financially or by receiving anything of value, from participation in a venture that  recruited, enticed, harbored, transported, provided, or obtained a person whom the defendant knew would be caused to engage in a commercial sex act.

To satisfy this element, the government must prove either that the defendant knew that the person recruited, enticed, harbored, transported, provided or obtained would be caused to engage in a commercial sex act or <u>or</u> that the defendant knowingly did benefit, financially or by receiving anything of value, from participation in a venture that  recruited, enticed, harbored, transported, provided, or obtained a person whom the defendant knew would be caused to engage in a commercial sex act.  Although you may find that the government proved both that  the defendant knew that the person recruited, enticed, harbored, transported, provided or obtained would be caused to engage in a commercial sex act <u>and</u> that the defendant knowingly did benefit, financially or by receiving anything of value, from participation in a venture that  recruited, enticed, harbored, transported, provided, or obtained a person, the government is not required to prove both of these elements.

While it is not necessary for the defendant to be the one to cause the person to engage in a commercial sex act, the government must prove beyond a reasonable doubt that the defendant knew that the person would be caused to engage in such an act.

In considering whether a defendant did any of these things, I instruct you to use the ordinary, everyday definitions of these terms.

Recruit means to seek the services of or to enroll in support of oneself or others. To entice means to attract or lure using hope or desire. To harbor a person means to give or afford shelter or refuge to that person. To transport means to transfer or convey from one place to another. Provide means to supply or make available. To obtain means to gain, acquire, or attain. To benefit means to be helpful to or useful to.

The term "commercial sex act" means any sex act, on account of which anything of value is given to or received by any person. It is not necessary that the United States prove that the defendant, or even the victim gave or received the thing of value, but the government must prove beyond a reasonable doubt that something of value was given or received to or by somebody, on account of the sex act.

I instruct you that the word "value" is not limited to pecuniary gain. Money need not be involved in order for you to find that value was given or received on account of the sex act. However, you must find beyond a reasonable doubt that *something* of value was involved.

The term "venture" means any group of two or more individuals associated in fact, whether or not a legal entity.

An act is done "knowingly" if the defendant is aware of the act and does not act or fail to act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his or her acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

14

## SEX TRAFFICKING OF A MINOR – SECOND ELEMENT

JOINT PROPOSAL

The second element of sex trafficking of a child requires the government to prove beyond a reasonable doubt that the defendant knew that the person was under 18 years of age at the time she was caused to engage in a commercial sex act.

---

**Authorities**:

*Definitions*

18 U.S.C. § 1591 (defining minor).

## **SEX TRAFFICKING OF A MINOR – SECOND ELEMENT**

The second element of sex trafficking of a child requires the government to prove beyond a reasonable doubt that the defendant knew that the person was under 18 years of age at the time she was caused to engage in a commercial sex act.

## SEX TRAFFICKING OF A MINOR – THIRD ELEMENT

JOINT PROPOSAL


To satisfy the third and final element of the crime of sex trafficking of a child, the government must prove beyond a reasonable doubt that a defendant's sex trafficking activities were in interstate commerce or affected interstate commerce.  The government need not prove both.


"Interstate commerce" means trade, transactions, transportation or communication between any point in a state and any place outside that state or between two points within a state through a place outside the state. Acts and transactions which are economic in nature and cross state lines are "in" interstate commerce.  Acts and transactions which are economic in nature and affect the flow of money in the stream of commerce to any degree, however minimal,  "affect" interstate commerce.


The government has offered proof that the sex trafficking crimes involved the use of buses, phones and hotels which house out of state travelers or are a part of a national or international chain.  If you unanimously agree that any one or all of those facts has been proven beyond a reasonable doubt, then as a matter of law the crime has affected interstate commerce.


To show that a defendant's conduct affected interstate commerce, it is not necessary for the government to prove that a defendant specifically knew or intended that the recruiting, enticing, harboring, transporting, providing or obtaining of a person to engage in commercial sex acts would affect interstate commerce; it is only necessary that the natural consequences of such conduct would be to affect interstate commerce in some way, even if minor.

If you find beyond a reasonable doubt that a defendant's recruitment, enticement, harboring, transportation, providing or obtaining of a person for the purpose of engaging in commercial sex acts was economic in nature and involved the crossing of state lines, or was economic in nature and otherwise affected the flow of money in the stream of commerce to any degree, however minimal, including by using supplies, services, or accommodations that affect interstate commerce, you may find that the third element of the offense of sex trafficking of a minor has been satisfied.

_____

**Authorities:**

United States v. Justin Evans, 476 F.3d 1176 (11th Cir. 2007) (use of cell phones, use of hotel rooms and distribution of condoms all affected interstate commerce in sex trafficking venture);

United States v. Pipkins, 378 F.3d 1281, 1295 (11th Cir. 2004) (holding that evidence that "pimps furnished their prostitutes with condoms manufactured out of state..." and used instrumentalities of interstate commerce, such as pagers, telephones and mobile phones to communicate with each other while conducting business, "supports a finding that the activities of the enterprise affected interstate commerce"), *vacated on other grounds,* 544 U.S. 902, *opinion reinstated,* 412 F.3d 1251 (11th Cir. 2005);

United States v. Ballinger, 312 F.3d 1264 (11th Cir. 2003) (statutes targeting intrastate economic activity require such activity only to have minimal, aggregate effect on interstate commerce);

United States v. Holston, 343 F.3d 83, 91 (2d Cir. 2003) (acts and transactions which are economic in nature and affect the flow of money in the stream of commerce to any degree, however minimal, "affect" interstate commerce);

United States v. King, 276 F.3d 109 (2d Cir. 2002) (acts and transactions which cross state lines are "in" interstate commerce);

United States v. Toles, 297 F.3d 959, 969 (10th Cir. 2002) (requiring only potential effect on commerce);

United States v. Gray, 260 F.3d 1267, 1272-76 (11th Cir. 2001) (interstate commerce requirement of Hobbs Act requires only minimal effect on commerce and effects can be aggregated);

United States v. Peterson, 236 F.3d 848, 852 (7th Cir. 2001)(requiring only *de minimis* effect on commerce because of substantial effect when aggregated);

United States v. Gregg, 226 F.3d 253, 261-63 (3d Cir. 2000) (defining effect on interstate commerce broadly, to include minimal activity whose impact is felt in the aggregate, where activity involved is economic or commercial in nature);

United States v. Gilbert, 181 f.3d 152, 158-59 (1stCir. 1999) (intrastate use of telephone provides a sufficient basis for jurisdiction based on interstate commerce even absent evidence that the call is routed through an interstate system);

United States v Weathers, 169 f.3d 336, 341 (6th Cir.) ("It is well established that telephones, even when used intrastate, constitute instrumentalities of interstate commerce. Similarly, cellular telephones, even in the absence of evidence that they were used to make interstate calls, have been held to be instrumentalities of interstate commerce."(citations and emphasis omitted)), *cert. denied*, 528 U.S. 838, 120 S.Ct. 101, 145 L.Ed. 2d 85 (1999).

Eleventh Circuit Criminal Pattern Jury Instructions, No. 41.2, 18 U.S.C. § 1029(a)(2) (defining interstate commerce);

Fifth Circuit Criminal Pattern Jury Instructions, § 2.73 (defining interstate commerce requirement under Hobbs Act).

Seventh Circuit Model Jury Instruction No. 1957 (1999) (modified to include only the definition of "in or affecting interstate commerce");

O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 56.05 ("Engage In, or the Activities of Which Affect, Interstate Commerce" - Define) (5th Ed. 2000)

## SEX TRAFFICKING OF A MINOR – THIRD ELEMENT

To satisfy the third and final element of the crime of sex trafficking of a child, the government must prove beyond a reasonable doubt that a defendant's sex trafficking activities were in interstate commerce or affected interstate commerce.  The government need not prove both.

"Interstate commerce" means trade, transactions, transportation or communication between any point in a state and any place outside that state or between two points within a state through a place outside the state. Acts and transactions which are economic in nature and cross state lines are "in" interstate commerce.  Acts and transactions which are economic in nature and affect the flow of money in the stream of commerce to any degree, however minimal,  "affect" interstate commerce.

The government has offered proof that the sex trafficking crimes involved the use of buses, phones and hotels which house out of state travelers or are a part of a national or international chain.  If you unanimously agree that any one or all of those facts has been proven beyond a reasonable doubt, then as a matter of law the crime has affected interstate commerce.

To show that a defendant's conduct affected interstate commerce, it is not necessary for the government to prove that a defendant specifically knew or intended that the recruiting, enticing, harboring, transporting, providing or obtaining of a person to engage in commercial sex acts would affect interstate commerce; it is only necessary that the natural consequences of such conduct would be to affect interstate commerce in some way, even if minor.

If you find beyond a reasonable doubt that a defendant's recruitment, enticement, harboring, transportation, providing or obtaining of a person for the purpose of engaging in

20

commercial sex acts was economic in nature and involved the crossing of state lines, or was economic in nature and otherwise affected the flow of money in the stream of commerce to any degree, however minimal, including by using supplies, services, or accommodations that affect interstate commerce, you may find that the third element of the offense of sex trafficking of a minor has been satisfied.