1  JOSEPH P. RUSSONIELLO (CASBN 44332)
   United States Attorney
2
   BRIAN J. STRETCH (CASBN 163973)
3  Chief, Criminal Division

4  DENISE MARIE BARTON (MABN 634052)
   Assistant United States Attorney
5
      450 Golden Gate Avenue, Box 36055
6     San Francisco, California 94102
      Telephone: (415) 436-7359
7     Facsimile: (415) 436-7234
      denise.barton@usdoj.gov
8
   Attorneys for Plaintiff
9

10                    UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12                      SAN FRANCISCO DIVISION

13

14  UNITED STATES OF AMERICA,          )    No.07-0454 PJH
                                       )
15        Plaintiff                    )    **UNITED STATES' PROPOSED JURY**
                                       )    **INSTRUCTIONS**
16              v.                     )
                                       )    Pre-Trial Conference: August 27, 2008
17  SHANNON BLAYLOCK and               )    Time:                1:30 p.m.
    TAWAKONI SEATON                    )
18                                     )    Trial Date:          September 15, 2008
          Defendants                   )    Time:                8:30 a.m.
19  _____)

20

21

22

23

24

25

26

27

28

UNITED STATES' PROPOSED JURY INSTRUCTIONS, CR 07-0454 PJH
                                 1

1    Pursuant to the June 28, 2008 Order of Pretrial Preparation For Criminal Jury Trial *(ECF*

2   *Docket No. 77)*, the United States hereby submits the following Jury Instructions, which are not

3   agreed upon by the parties.

4    The United States reserves the right to request such additional instructions as may become

5   necessary from rulings on motions in limine, presentation of the evidence at trial, or upon

6   determination of the theory of the defense.

7

8   Date: August 13, 2008                    Respectfully submitted,

9                                            JOSEPH P. RUSSONIELLO
                                             United States Attorney
10

11

12                                           _____/s/_____
                                             DENISE MARIE BARTON
                                             Assistant United States Attorney
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES' PROPOSED JURY INSTRUCTIONS, CR 07-0454 PJH

1

2

3

## CONSPIRACY— TIMING

PROPOSED BY THE UNITED STATES

4

5    Count One of the  indictment alleges that the conspiracy existed from in or about

6    February, 2007 to on or about March 22, 2007.  However, the government is not required to prove

7    that the charged conspiracy started and ended on any specific dates.  It is sufficient if you find that

8    the conspiracy was formed and existed from some time within the approximate period set forth in

9    the first superseding indictment.  Relatedly, you need not find that the conspiracy continued

10   during the entire time alleged.  In fact, the government has sustained its burden of proof if you

11   find that the conspiracy existed at any point in time in or about the dates set forth in Count One of

     the indictment.

12

13   _____

14   **Authority:**

15

16   1 Devitt & Blackmar, Federal Jury Practice And Instructions, § 13.05 [Variance in Date
     Immaterial] (4th ed. 1992)

17   United States v. Laykin, et. al., 886 F.2d 1534, 1542-43 (9th Cir. 1989)

18

19

20

21

22

23

24

25

26

27

28

1

2

### CONSPIRACY— TIMING

3

4    Count One of the  indictment alleges that the conspiracy existed from in or about
February, 2007 to on or about March 22, 2007.  However, the government is not required to prove

5    that the charged conspiracy started and ended on any specific dates.  It is sufficient if you find that

6    the conspiracy was formed and existed from some time within the approximate period set forth in

7    the first superseding indictment.  Relatedly, you need not find that the conspiracy continued

8    during the entire time alleged.  In fact, the government has sustained its burden of proof if you

9    find that the conspiracy existed at any point in time in or about the dates set forth in Count One of

10   the indictment.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

## **SEX TRAFFICKING OF A MINOR**

### PROPOSED BY THE UNITED STATES

4
5
6

Title 18, United States Code, Section 1591, makes it a federal crime or offense for anyone in or affecting interstate commerce to recruit, entice, harbor, transport, provide, or obtain a person or to benefit, financially or by receiving anything of value, from participation in a venture that recruited, enticed, harbored, transported, provided, or obtained a person, while knowing that such person had not attained the age of 18 years and would be caused to engage in a commercial sex act.

7
8
9

In Count Two of the indictment, defendants are charged with one count of trafficking a person knowing that such person had not attained the age of 18 years and would be caused to engage in a commercial sex act.  Each defendants  can be found guilty of that offense only if each of the following elements are proved beyond a reasonable doubt:

10
11
12

First:     That the defendant did <u>either</u> or <u>both</u>
  (a)   knowingly recruited, enticed, harbored, transported, provided, or obtained a person; <u>and/or</u>
  (b)   knowingly did benefit, financially or by receiving anything of value, from participation in a venture that  recruited, enticed, harbored, transported, provided, or obtained a person;

13
14

Second:   That the defendant knew that such person had not yet attained the age of 18 years and would be caused to engage in a commercial sex act; and

15

Third:    That the offense was in or affecting interstate commerce.

16

17

18

19

20

21

22

For the first element, you must unanimously agree beyond a reasonable doubt that the government proved either that the defendant did <u>either</u> or <u>both</u> knowingly recruited, enticed, harbored, transported, provided, or obtained a person <u>and/or</u> knowingly did benefit, financially or by receiving anything of value, from participation in a venture that  recruited, enticed, harbored, transported, provided, or obtained a person.  While you may conclude that the government has proven both facts beyond a reasonable doubt, it is only necessary that you find at least one of those facts has been proven.

23

24

25

26

You will be asked on the verdict forms for Count Two of the indictment to mark which, if any, of the factors in the first element of the offense (i.e. that the defendant did <u>either</u> or <u>both</u> knowingly recruited, enticed, harbored, transported, provided, or obtained a person <u>and/or</u>

27

28

UNITED STATES' PROPOSED JURY INSTRUCTIONS, CR 07-0454 PJH

1

2

knowingly did benefit, financially or by receiving anything of value, from participation in a venture that  recruited, enticed, harbored, transported, provided, or obtained a person) you have unanimously found the government has proven beyond a reasonable doubt.

3

4

5

_____

6

**Authority**:

7

See 18 U.S.C. § 1591(a).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES' PROPOSED JURY INSTRUCTIONS, CR 07-0454 PJH

## SEX TRAFFICKING OF A MINOR

Title 18, United States Code, Section 1591, makes it a federal crime or offense for anyone in or affecting interstate commerce to recruit, entice, harbor, transport, provide, or obtain a person or to benefit, financially or by receiving anything of value, from participation in a venture that recruited, enticed, harbored, transported, provided, or obtained a person, while knowing that such person had not attained the age of 18 years and would be caused to engage in a commercial sex act.

In Count Two of the indictment, defendants are charged with one count of trafficking a person knowing that such person had not attained the age of 18 years and would be caused to engage in a commercial sex act.  Each defendants  can be found guilty of that offense only if each of the following elements are proved beyond a reasonable doubt:

First:     That the defendant did either or both

    (a)     knowingly recruited, enticed, harbored, transported, provided, or obtained a person; and/or

    (b)     knowingly did benefit, financially or by receiving anything of value, from participation in a venture that  recruited, enticed, harbored, transported, provided, or obtained a person;

Second:     That the defendant knew that such person had not yet attained the age of 18 years and would be caused to engage in a commercial sex act; and

Third:     That the offense was in or affecting interstate commerce.

For the first element, you must unanimously agree beyond a reasonable doubt that the government proved either that the defendant did either or both knowingly recruited, enticed,

7

1

2

3

harbored, transported, provided, or obtained a person and/or knowingly did benefit, financially or

by receiving anything of value, from participation in a venture that  recruited, enticed, harbored,

transported, provided, or obtained a person.  While you may conclude that the government has

proven both facts beyond a reasonable doubt, it is only necessary that you find at least one of

those facts has been proven.

        You will be asked on the verdict forms for Count Two of the indictment to mark which, if

any, of the factors in the first element of the offense (i.e. that the defendant did either or both

knowingly recruited, enticed, harbored, transported, provided, or obtained a person and/or

knowingly did benefit, financially or by receiving anything of value, from participation in a

venture that  recruited, enticed, harbored, transported, provided, or obtained a person) you have

unanimously found the government has proven beyond a reasonable doubt.

# CONSENT OF THE MINOR IS NOT A DEFENSE

## PROPOSED BY THE UNITED STATES

Consent of the victim to the sex trafficking is not a defense to a violation of 18 U.S.C. § 1591.  Under California law, a person under the age of 18, a minor, cannot consent to sexual intercourse with an adult.  Whatever the degree of the minor's willingness to engage in commercial sex acts may have been, or otherwise voluntarily participating, is irrelevant as the consent or voluntary participation is not an element of the charged conduct or a defense to the charged conduct.

_____

**Authorities**:

United States v. Rashkovski, 301 F.3d 1133, 137 (9th Cir. 2002) (in prosecution under 18 U.S.C. § 2422(a), defendant's intent that victims serve as prostitutes was sufficient, regardless of the victim's actual intent);

Cal. Penal Code, § 261.5 (criminalizing sexual intercourse with a person under 18 years of age regardless of consent)

United States v. Street, 531 F.3d 703, 708 (8th Cir. 2008)(consent of the minor in the production of child pornography in violation of 18 U.S.C. § 2251 was not a defense and evidence of consent was properly excluded);

United States v. Williams, 529 F.3d 1, 6 (1st Cir. 2008) (even if a minor had consented to transportation for prostitution, consent would not have been legally valid);

United States v. Benais, 460 F.3d 1059, 1063 (8th Cir. 2006) (as minors the victims cannot legally consent to the sexual exploitation; discussing 18 U.S.C. § 2243, consent not a defense to the federal statutory rape statute);

United States v. Abad, 350 F.3d 793, 798 (8th Cir. 2003)("[W]hen sexual assaults are committed upon children ..., consent is not a defense. The reason is that the victims in these cases, because of ignorance or deceit, do not understand what is happening to them. Therefore their 'consent' is of no significance.");

United States v. Lowe, 145 F.3d 45, 52 (1st Cir. 1998) ("Consent is a defense to kidnapping but not to a Mann Act charge.");

United States v. Jones, 808 F.2d 561, 565 (7th Cir. 1986)(same);

United States v. Pelton, 578 F.2d 701, 712(8th Cir. 1978) (consent is not a defense to Transportation of a Minor for purposes of prostitution in violation of 18 U.S.C. § 2421 nor Enticement of a Minor to Travel for purposes of sexual activity, in violation of 18 U.S.C. § 2422);

1    <u>United States v. Raplinger</u>, No. 05-CR-49-LRR, 2006 WL 3455266 (N.D.Iowa Nov. 29, 2006)
2    ("By definition, the victim in a sexual exploitation of a minor case is a minor. A minor cannot consent to being sexually exploited.");

3    <u>United States v. Griffith</u>, No. 99CR786 (HB), 2000 WL 1253265 (S.D.N.Y September 5, 2000)
4    (consent is not relevant to the offense and is not defense to production of child pornography).

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CONSENT OF THE MINOR IS NOT A DEFENSE

Consent of the victim to the sex trafficking is not a defense to a violation of 18 U.S.C. § 1591.  Under California law, a person under the age of 18, a minor, cannot consent to sexual intercourse with an adult.  Whatever the degree of the minor's willingness to engage in commercial sex acts may have been, or otherwise voluntarily participating, is irrelevant as the consent or voluntary participation is not an element of the charged conduct or a defense to the charged conduct.