MICHAEL STEPANIAN
Attorney at Law (CSBN 037712)
819 Eddy Street
San Francisco, CA 94109
Telephone: (415) 771-6174
Facsimile:   (415) 474-3748

Attorney for Defendant Shannon Blaylock

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

−ooo−

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>SHANNON BLAYLOCK, et al.,<br><br>　　　　　Defendant | No. CR 07-0454 PJH<br><br>**DEFENDANT SHANNON BLAYLOCK'S MOTION *IN LIMINE* TO EXCLUDE OR LIMIT THE INTRODUCTION OF CO-DEFENDANT'S STATEMENTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Trial Date: September 15, 2008<br>Pretrial Conference: August 27, 2008<br>Hearing Time: 1:30 p.m. |

　　　　COMES NOW defendant Shannon Blaylock, and respectfully states that as soon as counsel can be heard, defendant and his counsel will move this court to enter an order granting the below listed motion. This motion is based upon the instant motion, the statement of facts (those facts were based upon Government reports heretofore provided to date, and would be subject to amplification and/or contradiction at an evidentiary hearing) and memorandum of authorities, the files and records in the

///

///

///

///

---

*UNITED STATES OF AMERICA v. BLAYLOCK*　　　　　　　　　　　　　　　　　　　　　　　　　　　　No. CR 07-0454 PJH
DEFENDANT SHANNON BLAYLOCK'S MOTION *IN LIMINE* TO EXCLUDE OR LIMIT
THE INTRODUCTION OF CO-DEFENDANT'S STATEMENTS　　　　　　　　　　　　　　　　　　　　　　1

above-entitled cause, and any and all matters that may be brought to this court's attention prior to or at the time of the hearing of these matters.

DATED: August 13, 2008                Respectfully submitted,


                                                 /s/ Michael Stepanian
                                      By _____
                                                 Michael Stepanian
                                                 Attorney for Defendant
                                                 Shannon Blaylock

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I.   INTRODUCTION AND SUMMARY OF ARGUMENT

Defendant Shannon Blaylock is charged in a two count indictment alleging that from February 2007 to March 22, 2007, he engaged in sex trafficking of a minor in violation of Section 1591 of Title 18 of the United States Code and conspired to do same in violation of Section 371 of Title 18 of the United States Code.  It has recently come to defendant's attention that co-defendant Tawakoni Seaton[1] has made a plea bargain with the government and will be the Government's cooperating witness against him.  As of the date of this filing, the Government has yet to identify the co-conspirator statements of Tawakoni Seaton it intends to proffer at trial.  Neither has the Government complied with its discovery obligations to produce evidence that Tawakoni Seaton is biased or prejudiced against defendant Blaylock, or has a motive to falsify or distort her testimony.[2] Pennsylvania v. Ritchie, 480 U.S. 39 (1987); *U.S. v. Strifler,* 851 F.2d 1197 (9th Cir. 1988)

Defendant does not dispute that the Government can show that he knowingly harbored and transported adult females for the purpose to engage in commercial sex acts.  To the extent the Government seeks to rely on statements by cooperating witness Tawakoni Seaton reflecting an agreement to engage in sex trafficking of adults, defendant objects to their introduction as irrelevant to the charges he faces and the prejudice such evidence could cause him because of the high probability of juror confusion.

Defendant disputes that he had the requisite knowledge of the age of the minor identified as "V.S." in the indictment to support the charges.  Defendant respectfully submits, as set forth in greater detail below, that only statements by the co-defendant pertaining to his knowledge of the age of "V.S."

---

[1]   Defendant Shannon Blaylock had a romantic relationship with co-defendant Tawakoni Seaton in the past in which she exhibited extreme acts of jealousy and irrational behavior.

[2]   Tawakoni Seaton was deeply involved in the recruitment of females for prostitution and ran her own business independent from defendant Blaylock.  Indeed, it was Seaton who "V.S." contacted and agreed to enter into business with her.  In addition, her mental state is very much at issue in this case. She has had a history of suicidal ideation, has exhibited delusions regarding her relationship with the defendant and has been under psychiatric care, including psychotropic medication. Tawakoni Seaton's mental health and financial and business records are within the "control" of the Government and these records have not been disclosed.

1  (to the extent any exist) are subject to the standards set forth by the authorities cited herein because
2  general statements concerning an agreement to engage in sex trafficking of adults do not preponderate
3  on the guilt or innocence of the defendant regarding the charged offense – conspiracy to engage in an
4  agreement to engage in sex trafficking of a minor.

5  Motions *in limine* are brought to limit the introduction of evidence. See <u>Luce v. United States,</u>
6  105 S.Ct. 460 (1984) (motion *in limine* is appropriate to decide pretrial evidentiary matters.) In order
7  for statements by cooperating witness Tawakoni Seaton to be admissible to prove the existence of a
8  conspiracy to sex trafficking of a minor, the statements must meet very exacting standards as set forth
9  below.

## II.   DISCUSSION

**A.   A Pre-trial Hearing is Requested for the Government to Make an Offer of Proof Concerning the Admissibility of Cooperating Witness Tawakoni Seaton's Conspiratorial Statements.**

13  A co-conspirator's statement is admissible under Fed. R. Evid. 801(d)(2)(E) to show a
14  defendants participation in a conspiracy. <u>United States v. Peralta</u>, 941 F.2d 1003, 1007 (9th Cir. 1991).
15  However, [b]efore admitting a statement of a co-conspirator into evidence against a defendant, the court
16  must have independent evidence of the existence of the conspiracy and of the defendant's connection
17  to it, and must conclude that the statement was made both during and in furtherance of the conspiracy.
18  <u>United States v. Layton</u>, 720 F. 2d 548, 555 (9th Cir. 1983); and <u>Peralta,</u> 941 F. 2d at 1007. This requires
19  the to Government prove three essential elements by a preponderance of the evidence before a
20  co-conspirator's statement is admitted: (1) the existence of a conspiracy; (2) the declarant and the
21  "nonoffering party" [defendant] are involved in the conspiracy; and, (3) the statements are made during
22  the course and in furtherance of the conspiracy. <u>Bourjaily v. United States</u>, 107 S. Ct. 2775, 2778
23  (1987).

24  Although a pretrial evidentiary hearing is not mandated, such hearing is requested here because
25  of the lack of pre-trial disclosures of what the Government intends to elicit from cooperating witness
26  Tawakoni Seaton as statements of a co-conspirator. See, <u>United States v. James</u>, 590 F.2d 575 (5th Cir.
27  1979) (suggesting that a pre-trial determination is appropriate). Without a pre-trial hearing on the
28

---

1  admission of the statements a tremendous amount of court time will be used which will disrupt an
2  orderly presentation of this trial.

### 1. Proof of Conspiracy.

To prove conspiracy the Government must show (1) an agreement to accomplish an illegal objective, (2) one or more overt acts in furtherance of the illegal objective, and (3) the required intent to carry out the substantive offense. United States v. Schmidt, 947 F.2d 362, 367 (9th Cir. 1991); United States v. Penagos, 823 F. 2d 346, 348 (9th Cir. 1987); and, United States v. Melchor-Lopez, 627 F.2d 886, 890 (9th Cir. 1980). There need not be direct evidence of an agreement, circumstantial evidence may suffice to show the existence of an agreement. Inferences of an agreement may be made "if there be concert of action, all the parties working together understandingly, with a single design for the accomplishment of a common purpose." Melchor-Lopez, 627 F. 2d at 890-891. It is not necessary that all of the specifics be worked out to prove an agreement. United States v. Pemberton, 730 F. 2d 730, 733 (9th Cir. 1988).

### 2. The Alleged Statements Themselves Are Not Sufficient to Establish a Conspiracy.

There must be some independent evidence of a conspiracy, in addition to the statements, before co-conspirators statements can be admitted. Tamez, 941 F. 2d at 775; and, United States v. Gordon, 844 F. 2d 1397, 1402 (9th Cir. 1988).

### 3. Proof of the Declarant and the Defendant's Connection to the Conspiracy.

Once a agreement is shown, evidence of a defendant's slight connection to the conspiracy is sufficient to prove knowing participation. United States v. Dunn, 564 F.2d 348, 357 (9th Cir. 1977). "Knowledge of the objective of the conspiracy" is material to a conspiracy conviction. Schmidt, 947 F. 2d at 367. Here, that objective is identified in the indictment as an agreement to engage in sex trafficking of a particular minor identified as "V.S."

"[M]ere association with members of a conspiracy, the existence of and opportunity to join the conspiracy, or simple knowledge, approval of, or acquiescence in the objective or purpose of the conspiracy, without an intention and agreement to accomplish a specific illegal objective, is not sufficient to make one a conspirator." Melchor-Lopez, 627 F.2d at 890. Furthermore, family ties or other close associations are not enough to establish a conspiracy. United States v. Castaneda, 9 F. 3d

1    761 (9th Cir. 1993). Thus, Tawakoni Seaton's statements must be considered through the lens of her
2    romantic feelings for defendant Shannon Blaylock and the motivations of a scorned woman and newly
3    avowed cooperating witness.

4    **4.    Proof of the Statements.**

5    The statements must demonstrate a "concert of action" between the defendant and the declarant.
6    United States v. Layton, 855 F.2d 1388, 1398 (9th Cir. 1988). The statements must be made, (1) during
7    the course of the conspiracy, and (2) in furtherance of the conspiracy. United States v. Arias-Villanueva,
8    998 F. 2d 1491, 1502 (9th Cir. 1993).

9    **a.    During the Course of Conspiracy.**

10   Statements made after the conspiracy ceases or made after arrest are not statements made during
11   the course of a conspiracy. See United States v. Smith, 623 F.2d 627 (9th Cir. 1980). However,
12   statements of co-conspirators made prior to the defendant's entry in the conspiracy are admissible as
13   long as it is shown that the defendant is "aware of the conspiracy's features and general aims." United
14   States v. Mikhsian, 5 F.3d 1306, 1312 (9th Cir. 1993).

15   Defendant is aware of a statement made by cooperating witness Tawakoni Seaton to the police
16   after she was arrested, stating defendant Shannon Blaylock was "in San Francisco, pimping a minor."
17   This statement is inadmissible.

18   **b.    In Furtherance of Conspiracy.**

19   Mere conversations or narrative declarations of past events are not admissible" under Fed. R.
20   Evid. 801(d)(2)(E). Arias-Villanueva, 998 F. 2d at 1502; and, United States v. Yarbrough, 852 F.2d
21   1522 (9th Cir. 1988). The statements must further the common goals of the conspiracy. Yarbrough, 852
22   F.2d at 1535. Hence, the statements must be made to induce enlistment, further participation, prompt
23   further action, allay fears or keep co-conspirators abreast of an ongoing conspiracy's activities
24   Arias-Villanueva, 988 F. 2d at 1502 (citations omitted).

25   Here, the Court must be satisfied that there was an a agreement by each of the defendants to
26   engage in sex trafficking of a minor. The Court must also be satisfied that each defendant was connected
27   to the agreement, before determining whether any of the statements are admissible. It is therefore
28   requested that the Court require the Government to proffer its proof as to the existence of the conspiracy

---

*UNITED STATES OF AMERICA v. BLAYLOCK*                                                                                    No. CR 07-0454 PJH
DEFENDANT SHANNON BLAYLOCK'S MOTION *IN LIMINE* TO EXCLUDE OR LIMIT
THE INTRODUCTION OF CO-DEFENDANT'S STATEMENTS                                                                                            6

1 and proffer how each of the two defendants are members of that conspiracy. Should the Court determine
2 that the Government can show by a preponderance of evidence that a conspiracy exists and each
3 defendant is connected to the conspiracy, then defendant reserves the right to make specific objections
4 to each statement.

### III.    CONCLUSION

Based upon the foregoing, defendant respectfully requests this honorable Court to enter an order requiring the Government to identify with particularity the statements it intends to introduce at trial from cooperating witness Tawakoni Seaton and to make an offer of proof that it can meet the dictates outlined herein.

DATED: August 13, 2008            Respectfully submitted,


By    /s/ Michael Stepanian
      _____
      Michael Stepanian
      Attorney for Defendant
      Shannon Blaylock