JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN STRETCH (CABN 163973)
Chief, Criminal Division

DENISE MARIE BARTON (MABN 634052)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7200
    Facsimile: (415) 436-7234
    E-mail: denise.barton@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>SHANNON BLAYLOCK<br>and TAWAKONI SEATON,<br><br>    Defendant. | No. CR 07-0454 PJH<br><br>**UNITED STATES' PRETRIAL CONFERENCE STATEMENT**<br><br>Pre-Trial Conference Date:  August 27, 2008<br>Time:  1:30 p.m.<br><br>Trial Date:  September 15, 2008<br>Time:  8:30 a.m. |

UNITED STATES' PRETRIAL CONFERENCE STATEMENT, CR 07-454 PJH

1

The UNITED STATES OF AMERICA, through its counsel Joseph P. Russoniello, United States Attorney, and Denise Marie Barton, Assistant United States Attorney, and pursuant to Crim. L. R. 17.1-1(b) and the Order for Pretrial Preparation for Criminal Jury Trial dated June 26, 2008 (*ECF Docket No. 77*) files this Pretrial Conference Statement.[1]

1. DISCLOSURE AND CONTEMPLATED USE OF STATEMENTS OR REPORTS OF WITNESSES INTENDED TO BE CALLED AT THE TRIAL

The United States has previously produced discovery including numerous witness statements, in advance of the time periods provided for in 18 U.S.C. § 3500 and Fed. R. Crim. P. 26.2 and has also produced many statements and reports not strictly covered by these authorities. Specifically, the United States produced the following discovery, which included witness statements, on the noted dates:

December 21, 2007        Bates numbers 00001-01585;

January 25, 2008         Bates numbers 1586-1850;

March 26, 2008           Bates numbers 1851-2156.

To the extent that additional reports and statements are generated in connection with recent activity, the United States will immediately make them available in accordance with its continuing duty to disclose.

The United States has requested reciprocal discovery. To date, nothing has been produced by defense counsel.

2. DISCLOSURE AND CONTEMPLATED USE OF GRAND JURY TESTIMONY OF WITNESSES INTENDED TO BE CALLED AT THE TRIAL

The United States has not yet produced grand jury testimony of witnesses to be called at trial. Although neither 18 U.S.C. § 3500 nor Fed. R. Crim. P. 26.2 require disclosure until after a witness

---

[1] This Pretrial Conference Statement does not address issues that would be raised in a trial of co-defendant Tawakoni Seaton because Seaton is scheduled to enter a change of plea. The United States reserves the right to amend this Pretrial Conference Statement if Seaton does not enter a change of plea as scheduled.

has testified at trial, the United States will produce the grand jury testimony of witnesses it intends to call prior to trial, on September 2, 2008.[2]

3. **DISCLOSURE OF EXCULPATORY OR OTHER EVIDENCE FAVORABLE TO THE DEFENDANT ON THE ISSUE OF GUILT OR PUNISHMENT**

The United States believes that it has disclosed all exculpatory evidence known to it. The United States further understands that the duty to disclose exculpatory evidence is a continuing one. In the event the United States learns of exculpatory evidence in preparation for and during the trial, it will immediately disclose this information to the defendant.

4. **STIPULATION OF FACTS**

The United States intends to seek several stipulations with counsel for the defense and will promptly advise the Court of any stipulations when reached by the parties. Generally, the United States intends to seek a stipulation that the hotels at issue in this case serve out-of-state guests or are part of national and international businesses. Should the parties not agree to a stipulation as to those facts, the United States would request this Court take judicial notice of those facts. The United States will also propose a stipulation concerning chain-of-custody of certain evidence. The United States will also seek stipulations concerning the phone numbers associated with the defendant and other persons connected with the charged conduct.

5. **APPOINTMENT BY THE COURT OF INTERPRETERS**

The United States does not anticipate the need for any interpreters at this trial.

6. **DISMISSAL OF COUNTS / ELIMINATION OF ISSUES**

On April 9, 2008, the United States filed a Notice of Dismissal as to co-defendant Latosha Gardner, *see ECF Docket No. 60*, which this Court granted on the same date. *See ECF Docket No. 62*. The United States will not be moving to dismiss any counts as to co-defendant Blaylock.

On December 21, 2007, the United States requested notice of intent to rely on an alibi defense in accordance with Fed. R. Crim. P. 12.1. To date, the defendant has not provided any

---

[2] September 1, 2008, which would be two weeks prior to trial, falls on Labor Day, a federal holiday.

1  notice. The defendant has also not provided notice of intent to rely on a defense of insanity in the
2  time periods set forth in Fed. R. Crim. P. 12.2.
3  7.     JOINDER AND SEVERANCE
4        The United States does not anticipate seeking joinder of any cases. It is anticipated that co-
5  defendant Blaylock will be the one remaining co-defendant in this case and a motion for severance
6  therefore will be moot.
7  8.     IDENTIFICATION OF INFORMERS, USE OF LINEUP OR OTHER IDENTIFICATION
8         EVIDENCE, AND EVIDENCE OF PRIOR CONVICTIONS OF THE DEFENDANT OR
9         ANY WITNESS
10        This case does not involve any informers.
11        The United States anticipates introducing evidence of photograph arrays and witness
12  identifications from these photograph arrays in the course of the trial with several witnesses. The
13  fact of the photograph arrays and identifications have previously been disclosed to the defense in the
14  course of discovery.
15        As set forth in its *United States' Omnibus Motions in Limine*, *see ECF Docket No. 80*,
16  specifically the *Motion In Limine To Admit the Defendants' Prior Convictions under Federal Rule of*
17  *Evidence 609*, the United States will seek to admit specific prior convictions of the defendant if he
18  testifies.
19  9.     PRETRIAL EXCHANGE OF WITNESS LISTS FOR WITNESSES TO BE CALLED IN
20        CASE-IN-CHIEF
21        The United States anticipates filing its witness list of witnesses it intends to call during its
22  case-in-chief on or before August 14, 2008 under separate cover to protect the addresses and
23  personal identifying information of the witnesses. The United States reserves the right to amend its
24  witness list and will provide an updated witness list prior to trial.
25  //
26  //
27  //
28

UNITED STATES' PRETRIAL CONFERENCE STATEMENT, CR 07-454 PJH

4

10. **PRETRIAL EXCHANGE OF DOCUMENTS, EXHIBITS, SUMMARIES, SCHEDULES, MODELS OR DIAGRAMS INTENDED TO BE OFFERED OR USED AT TRIAL IN CASE-IN-CHIEF**

The United States anticipates filing its exhibit list of exhibits in intends to introduce during its case-in-chief under separate cover on or before August 14, 2008. The United States reserves the right to add, omit, or modify its exhibits prior to trial, and will provide an updated exhibit list prior to trial. The United States reserves the right to redact certain portions of its exhibits, subject to the Court's rulings on its Motions in Limine.

The United States further requests that the defendant examine the United States' exhibits before trial to expedite the proceedings.

The United States further requests an opportunity to examine the defendants' exhibits before trial.

11. **PRETRIAL RESOLUTION OF OBJECTIONS TO EXHIBITS OR TESTIMONY TO BE OFFERED AT TRIAL**

The United States has filed seven motions in limine. Two motions were filed under seal on August 13, 2008 and served on the defendant on the same date. The other five motions, *ECF Docket No. 80*, seek the following pretrial rulings from this Court:

(1) Motion in Limine to Admit Evidence of Uncharged Conduct as Inextricably Intertwined or Pursuant to Federal Rule of Evidence 404(b);

(2) Motion in Limine to Bar Defense Reference to Inadmissable Hearsay;

(3) Motion in Limine to Limit Cross-examination to the Limits Set Forth by Law;

(4) Motion in Limine to Bar Reference to Penalty or Collateral Consequence; and

(5) Motion in Limine to to Admit the Defendants' Prior Convictions under Federal Rule of Evidence 609.

//
//
//

12.   PREPARATION OF PRETRIAL BRIEFS ON CONTROVERTED POINTS OF LAW

The United States is not currently aware of any controverted points of law other than those addressed in the motions in limine filed on August 13, 2008.  Should the United States become aware of any such issues, it will prepare and file a Trial Brief to address these issues.

13.   SCHEDULING OF THE TRIAL AND WITNESSES

The United States will be flying several witnesses, including the victim, into San Francisco from out-of-state.  The United States is prepared to proceed, as scheduled, on September 15, 2008 and will be scheduling flights for witnesses in accordance with this schedule.

14.   REQUEST FOR JURY QUESTIONNAIRE, VOIR DIRE, EXERCISE OF PEREMPTORY AND CAUSE CHALLENGES, AND JURY INSTRUCTIONS

The Court has set forth a Jury Questionnaire in the June 26, 2008 Order For Pretrial Preparation For Criminal Jury Trial.  *See ECF Docket No. 66.*  The United States does not object to this questionnaire.

 The parties have filed  Joint Proposed Voir Dire Questions. *See ECF Docket No. 82.*  The United States objects to the Proposed Voir Dire Questions filed separately by defendant.  *See ECF Docket No.*   These questions are either incorporated into the Joint Proposed Voir Dire or not appropriate in the current form.

The United States is not aware of any reason that the standard number of peremptory challenges provided for in Fed. R. Crim. P. 24(b)(2) - 10 for the defendant and six for the prosecution - should not apply in this trial.

The parties have jointly filed Proposed Jury Instructions, *see ECF Docket No. 81*, and the United States has filed a separate Proposed Jury Instructions with instructions on which the parties could not reach agreement.  *See ECF Docket No. 84*.

//
//
//
//

UNITED STATES' PRETRIAL CONFERENCE STATEMENT, CR 07-454 PJH

15. ANY OTHER MATTER WHICH MAY TEND TO PROMOTE A FAIR AND EXPEDITIOUS TRIAL

The United States is not currently aware of any additional matters to present to the Court.

DATED: August 13, 2008                    Respectfully Submitted,


                                          JOSEPH P. RUSSONIELLO
                                          United States Attorney


                                          _____/s/_____
                                          DENISE MARIE BARTON
                                          Assistant United States Attorney

UNITED STATES' PRETRIAL CONFERENCE STATEMENT, CR 07-454 PJH