1  MICHAEL STEPANIAN
   Attorney at Law (CSBN 037712)
2  819 Eddy Street
   San Francisco, CA 94109
3  Telephone: (415) 771-6174
   Facsimile:  (415) 474-3748
4
   Attorney for Defendant Shannon Blaylock
5

6              UNITED STATES DISTRICT COURT

7             NORTHERN DISTRICT OF CALIFORNIA

8                        –ooo–

9
   UNITED STATES OF AMERICA,        )   No. CR 07-0454 PJH
10                                  )
            Plaintiff,              )
11                                  )
        vs.                         )   **DEFENDANT SHANNON BLAYLOCK'S**
12                                  )   **MOTION *IN LIMINE* TO EXCLUDE OR**
   SHANNON BLAYLOCK, et al.,        )   **LIMIT THE INTRODUCTION OF HIS PRIOR**
13                                  )   **CRIMINAL RECORD AND EVIDENCE OF**
            Defendant              )   **OTHER BAD ACTS; MEMORANDUM OF**
14                                  )   **POINTS AND AUTHORITIES IN SUPPORT**
                                    )
15                                  /   Trial Date:  September 15, 2008
                                        Pretrial Conference Date: August 27, 2008
16                                      Hearing Time: 1:30 p.m.

17

18 _____

19         COMES NOW defendant Shannon Blaylock, and respectfully states that as soon as counsel can

20 be heard, defendant and his counsel will move this court to enter an order granting the below listed

21 motion.  This motion is based upon the instant motion, the statement of facts (those facts were based

   upon Government reports heretofore provided to date, and would be subject to amplification and/or
22
   contradiction at an evidentiary hearing) and memorandum of authorities, the files and records in the
23
   ///
24
   ///
25
   ///
26
   ///
27

28

1  above-entitled cause, and any and all matters that may be brought to this court's attention prior to or at

2  the time of the hearing of these matters.

3

4  DATED: August 13, 2008          Respectfully submitted,

5

6

7                                  By     /s/ Michael Stepanian
                                          Michael Stepanian
8                                          Attorney for Defendant
                                          Shannon Blaylock
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

2    **I.    INTRODUCTION AND SUMMARY OF ARGUMENT**

3    Defendant Shannon Blaylock is charged in a two count indictment alleging that from February

4    2007 to March 22, 2007, he engaged in sex trafficking of a minor in violation of Section 1591 of Title

5    18 of the United States Code and conspired to do same in violation of Section 371 of Title 18 of the

6    United States Code.  Defendant does not dispute that the Government can show that he knowingly

7    harbored adult females for the purpose to engage in commercial sex acts.  Defendant disputes that he

8    had the requisite knowledge of the age of the minor identified as "V.S." in the indictment to support the

9    charges.

10    Motions *in limine* are brought to limit the introduction of evidence, including the admission of

11    the defendant's prior record or other prior bad acts. (See <u>Luce v. United States,</u> 105 S.Ct. 460 (1984)

12    [motion *in limine* is appropriate to decide pretrial evidentiary matters]; Fed. Rules Evid., Rule 609.)  In

13    order for prior bad acts to be admissible, the evidence must be relevant to one of the permissible

14    purposes contained within Rule 404(b).

15    Defendant seeks to exclude, limit or otherwise request the Court to order the government to

16    demonstrate the admissibility of three general categories of evidence outside of the presence of the jury

17    to wit: (1) defendant's prior criminal record; (2) allegations of domestic violence against cooperating

18    witness Tawakoni Seaton; and (3) other bad acts.

19    **II.    DISCUSSION**

20    **A.    Rule 609 of the Federal Rules of Evidence Prohibit the Introduction of Defendant's Prior Criminal Record Except for Attacking His Character for Truthfulness.**

21    FRE 609(a)(1) sets forth the general rule that, for the purpose of attacking the character for

22    truthfulness of the accused, evidence that an accused has been convicted of a crime punishable by death

23    or imprisonment in excess of one year under the law which the accused was convicted shall be admitted

24    if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect

25    to the accused.[1]  FRE 609(a)(2) sets forth the additional rule that evidence that any witness has been

27    _____

28    [1]    Evidence of juvenile adjudications of the accused is not admissible. (FRE Rule 609(b).)

1   convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that

2   establishing the elements of the crime required proof or admission of an act of dishonesty or false

3   statement by the witness.[2]

4        Here, the Government has produced a "rap sheet" in discovery which reflects charges (though,

5   not necessarily convictions) against the defendant for unlawful use of a driver's license (5/31/07),

6   fugitive from justice (5/31/07), felony possession of a firearm (11/30/06), possession of marijuana

7   (11/30/06), aggravated kidnapping[3] (11/04/04), multiple counts of theft (8/03/04, 4/7/04, 4/20/04,

8   4/17/04, 9/06/03, 2/27/99, 9/29/98), carrying a weapon (7/22/02) and credit card abuse (6/15/01).

9   Defendants objects to the introduction of any of these charges on foundational grounds to the extent the

10  Government proffers them for the purpose of attacking defendant's character for truthfulness without

11  a certified copy of the actual conviction record rather than a mere "rap sheet."

12       To the extent the Government can establish the proper foundation that any of these charges

13  resulted in convictions, defendants requests the Court require the Government to make an offer of proof

14  outside the presence of the jury as to the basis of the probative value of these charges to defendant's

15  character for truthfulness.  Defendant does not dispute that he has been involved in women engaged in

16  commercial sex acts.  The issue he contests in this matter is his knowledge concerning the age of the

17  person identified as "V.S." in the indictment.  None of the charges identified in the discovery produced

18  by the Government preponderates on the truthfulness of defendant's lack of knowledge of the age

19  women engaged in commercial sex acts.  Consequently, defendant submits there is no probative value

---

20

21  [2]      Evidence of a conviction under this rule is not admissible if a period of more than ten

22  years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances

23  substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance

24  written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence. (FRE Rule 609(b).)  The Government has not provided the defendant

25  timely written notice and defendant seeks to exclude the following convictions on this basis: aggravated robbery with a deadly weapon on June 29, 1994; possession of dangerous drugs and carrying a

26  prohibited weapon on May 10, 1992; aggravated robbery on December 23, 1991 and a class A assault on December 17, 1992.

27  [3]      Some of the records produced by the Government reflect that defendant was found not

28  guilty on this charge.    None of these records appear to be certified court or other official records.

---

1    to the crimes listed in his "rap sheet," whether or not they resulted in convictions.

2    **B.    The Conduct Sought to Be Proven in Other Acts Exceeds the Limits Set for Purposes for Which Evidence of Other Crimes, Wrongs, or Acts May Be Admitted.**

3

4          The Government has not yet stated what its evidence regarding defendant's prior bad acts will

5    consist of.  However if the Government seeks to introduce evidence that defendant Blaylock physically

6    abused cooperating witness Tawakoni Seaton and/or other acts of sex trafficking the defendant was

7    engaged in, the Court must scrutinize severely such evidence sought to be introduced due to its ability

8    to unduly prejudice the defendant.

9          In the Ninth Circuit, evidence of other acts may be admitted under Rule 404(b) if: (1) the

10   evidence tends to prove a material point; (2) it is not too remote in time; (3) the evidence is

11   sufficient to support a finding that the defendant committed the other act; and (4) (in cases where

12   knowledge is at issue) the act is similar to the offense charged. <u>United States v. Vizcarra-</u>

13   <u>Martinez</u>, 66 F.3d 1006, 1013 (9th Cir. 1995).  The court has repeatedly reaffirmed the principle

14   that such extrinsic act evidence is not looked upon with favor, as it raises substantial concerns that a

15   person may be convicted not for what he did, but for who he is. <u>United States v. Bradley</u>, 5

16   F.3d 1317, 1320 (9th Cir. 1993).  In other words, Rule 404(b) does not authorize the admission of

17   uncharged acts to establish propensity.

18         In this case, the admission of evidence concerning allegations of domestic violence against

19   cooperating witness Tawakoni Seaton would prejudice defendant Blaylock in the eyes of the jury.

20   Additionally, other allegations concerning sex trafficking would serve no appropriate purpose other than

21   to inflame the jury's sentiments regarding sex trafficking in general and child sex trafficking in

22   particular.   Defendant does not dispute that he has engaged in the past involving transactions

23   surrounding the sex trafficking of *adult* women.  Thus, such evidence does not tend to prove a material

24   point.  Allegations of physical abuse has no relevance at all to the charges against defendant Blaylock.

25         Such incidents are not material as to any element that the government must prove regarding

26   defendant's knowledge that the person who engaged in commercial sex acts had not attained the age of

27   18 years because there are no women which defendant has been involved with who have engaged in

28   commercial sex acts under the age of 18.  Thus, these incidents cannot be introduced under Rule 404(b).

1    If the government introduces evidence of physical altercations between defendant **Blaylock and**

2  cooperating witness Tawakoni Seaton, defendant must be permitted to show that these incidents are not

3  as portrayed by Seaton who has a long history of mental illness.  Similarly, if the government introduces

4  evidence of sex trafficking transactions or incidents other than those which are the subject of the

5  indictment in order to show pattern of conduct, the defendant must be permitted to show that these

6  incidents and transactions occurred with adults over the age of majority.  This would lengthen the trial

7  substantially over a matter collateral to the charges.

8    Additionally defendant is not charged with a violent crime nor any crime involving any other

9  minors. The crimes charged are specific to one particular minor in the indictment.   The Court must be

10 extremely careful to guard against the danger that a defendant will be convicted because of proof of other

11 offenses rather than because the government has introduced evidence sufficient to prove beyond a

12 reasonable doubt that the defendant is actually guilty of the offense for which he is being tried.

13    Such evidence must be narrowly circumscribed and limited.  The criminal conduct must

14 in some cases be similar to the offense charged; and the conduct must be introduced to prove an

15 element of the charged offense that is a material issue in the case and the defendant has to be

16 connected to it.  Otherwise mini-trials as to each other sex trafficking transaction will occur.

17    Evidence of other sex trafficking conduct involving the defendant is not similar to the offense

18 charged because of the simple fact that he is charged with child sex trafficking.  Because defendant does

19 not dispute that he has engaged in sex trafficking involving adults, there is nothing material to be proven

20 to a jury on this subject to the extent such other bad act evidence is proffered by the Government in

21 support of its prosecution against the defendant.   Even if a proffered item of evidence can be

22 pigeon-holed in a category, it must nonetheless be relevant to establish an element of the offense that

23 is a material issue.

24 ///

25 ///

26 ///

27

28

1  **C.   Even If Other Acts Are Relevant, They Should Be Excluded as the Prejudice Resulting from Them Outweighs Their Probative Value.**

2

3        Rule 403 of the Federal Rules of Evidence provides that relevant evidence "may be

excluded if its probative value is substantially outweighed by the danger of unfair prejudice (or)
4
confusion of the issues."  This balancing is mandated under the Ninth Circuit's 404(b) analysis: Once
5
the aforementioned prerequisites have been satisfied, the evidence is admissible for those purposes
6
permitted by Rule 404(b) if the court determines that the probative value of the evidence is not
7
substantially outweighed by the danger of unfair prejudice. Fed.R.Evid. 403. <u>United States v. Federico</u>,
8
658 F.2d 1337 (9th Cir. 1981).
9
        In balancing the probative value of evidence against the danger of unfair prejudice, the trial court
10
should also consider the need for evidence of prior criminal conduct to prove a particular point. <u>United</u>
11
<u>States v. Lawrance</u>, 480 F.2d 688, 691-92 n.6 (5th Cir. 1973); C. McCormick, *McCormick's Handbook*
12
*of The Law of Evidence* § 190 at 453 (2d ed. 1972).  The probative value of evidence must be measured
13
by its "tendency to make the existence of any fact that is of consequence . . . more probable or less
14
probable than it would be without the evidence." Fed.R.Evid. 401.  Thus, the evidence should not be
15
admitted unless there is an identifiable need for it.
16
        Taking into account the potential for unfair prejudice and the lack of any need for this evidence,
17
the court should exclude any Rule 404(b) evidence pertaining to physical altercations and other acts of
18
sex trafficking involving the defendant.  Even if any of the previously discussed acts are somehow
19
marginally relevant to the instant charge, the evidence should  nonetheless be excluded as admission of
20
these incidents would tend to unfairly prejudice the jury against defendant.
21
        In <u>United States v. Shackleford</u>, 738 F.2d 776 (7th Cir. 1984), the court held that a defendant
22
cannot be identified as the perpetrator of the charged acts simply because he has, at other times,
23
committed the same commonplace variety of criminal acts.  The question for the court is whether the
24
characteristics relied upon are sufficiently idiosyncratic to permit the inference of pattern for the purpose
25
of proof.
26
        The Government must come forward and meet its burden of proof and show the reliability of this
27
"evidence" and an identifiable need for it before the Court can make an appropriate evaluation. Once
28

---

*UNITED STATES OF AMERICA v. BLAYLOCK*                                                        No. CR 07-0454 PJH
DEFENDANT SHANNON BLAYLOCK'S MOTION *IN LIMINE* TO EXCLUDE OR LIMIT THE INTRODUCTION
OF HIS PRIOR CRIMINAL RECORD AND EVIDENCE OF OTHER BAD ACTS                                    7

1   it does, defendant is satisfied that it will fail in its effort to show probative value to defendant's

2   purported knowledge of the age of the person identified as "V.S." in the indictment.  Defendant wishes

3   to be tried on the facts of this case and not on other uncharged "events" that lack credibility, proof,

4   reliability, and inherent relevance.  The stakes are far too high to permit anything less.

5          The Ninth Circuit Court of Appeals re-affirmed that other acts evidence is disfavored because

6   "the defendant must be tried for what he did, not for who he (or she) is.  Thus guilt or innocence of the

7   accused must be established by evidence relevant to the particular offense being tried, not by showing

8   that the defendant has engaged in other acts of wrongdoing." United States v. Mayans, 17 F. 3d 1174

9   (9th Cir. 1994).

10  **E.     Admission of Uncharged Allegations of Physical Violence and Sex Trafficking Would
         Violate Due Process.**

11

12         The Ninth Circuit has ruled that admission of "other acts" evidence solely for the purpose

    of proving propensity violated Due Process.  In Jammal v. Van de Kamp, 926 F.2d 918, 920 (9th Cir.

13  1991), the court held that " [o]nly if there are no permissible inferences the jury may draw

14  from the evidence can its admission violate due process."  In McKinney v. Rees, 993 F.2d 1378

15  (9th Cir. 1993), the court found that where evidence is admitted solely to establish propensity, the

16  Jammal standard is met:  Because drawing propensity inferences from "other acts" evidence of character

17  is impermissible under an historically grounded rule of Anglo-American jurisprudence the . . . evidence

18  [in question] meets the strict test we established in Jammal. Id. at 1384.  Upon analyzing the facts of the

19  case, the court determined that the admission of this propensity evidence violated Due Process. Id. at

20  1385; see also Henry v. Estelle, 33 F.3d 1037 (9th Cir. 1993) (evidence of prior child molestation in

21  prosecution for child molestation rendered petitioner's trial fundamentally unfair); United States v.

22  Hodges, 770 F.2d 1475, 1479 (9th Cir. 1985) ("Our reluctance to sanction the use of evidence of other

23  crimes stems from the underlying premise of our criminal justice system, that the defendant must be tried

24  for what he did, not for who he is.")

25         The admission of incidents involving physical violence and incidents involving adult sex

26  trafficking would violate the defendant's fundamental Due Process right to a fair trial.  To the extent the

27  Government's case relies on allegations involving physical violence and/or adult sex trafficking, such

28

1  evidence is cumulative and irrelevant to the charges defendant faces in this action.  Thus, this extraneous

2  evidence would unquestionably present the constitutionally impermissible risk that the jury would

3  convict the defendant based on the presence of multiple accusations of "pimping" adult females engaged

4  in prostitution. This should not be allowed.

5                                    **III.    CONCLUSION**

6          Based upon the foregoing, defendant respectfully requests this honorable Court to enter

7  an order precluding the Government from offering evidence of his prior criminal record, physical

8  violence or any other transactions of sex trafficking other than those charged in the indictment.

9  DATED: August 13, 2008                Respectfully submitted,

10

11

12                                By        /s/ Michael Stepanian
                                            Michael Stepanian
13                                          Attorney for Defendant
                                            Shannon Blaylock
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28