MICHAEL STEPANIAN
Attorney at Law (CSBN 037712)
819 Eddy Street
San Francisco, CA 94109
Telephone: (415) 771-6174
Facsimile:  (415) 474-3748

Attorney for Defendant Shannon Blaylock

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

–ooo–

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 07-0454 PJH |
| Plaintiff, | **DEFENDANT SHANNON BLAYLOCK'S PROPOSED JURY INSTRUCTIONS** |
| vs. | |
| SHANNON BLAYLOCK, et al., | Trial:          September 15, 2008 |
| Defendant | |

Defendant Shannon Blaylock proposes the following list of Ninth Circuit Model Jury Instructions (2008 Edition) and the special instructions attached hereto.

DATED: August 13, 2008           Respectfully submitted,



                    By     /s/ Michael Stepanian
                           Michael Stepanian
                           Attorney for Defendant
                           Shannon Blaylock

**NINTH CIRCUIT MODEL CRIMINAL INSTRUCTIONS LISTED IN ORDER FOR PRETRIAL PREPARATION FOR CRIMINAL JURY TRIAL**

Defendant has no objections to the court giving jury instructions 1.1 through 1.12, 2.1 through 2.2, 3.1 through 3.9, and 7.1 through 7.6 from the Manual of Model Criminal Jury Instructions for the Ninth Circuit (2007 Edition).

**OTHER NINTH CIRCUIT MODEL CRIMINAL INSTRUCTIONS**

4.4     Character of Defendant.

4.7     Character of Witness for Truthfulness.

6.1     Alibi.

7.9     Specific Issue Unanimity (in connection with Special Instruction 1).

Special Instructions:

1.     Sex Trafficking of a Child

2.     Conspiracy to Engage in Sex Trafficking of a Child

**DEFENSE PROPOSED JURY INSTRUCTIONS NO. 1**
**SEX TRAFFICKING OF A CHILD**
(18 U.S.C. § 1591)

The defendant is charged in Count Two of the indictment with sex trafficking of a child in violation of Section 1591 of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly recruited, enticed, harbored, transported, provided, or obtained by any means a person or knowingly benefitted, financially or received anything of value, from participation in a venture which was so engaged;

Second, the defendant did so knowing that the person had not attained the age of 18 years; and

Third, the defendant knew that the person would engage in a commercial sex act.

The term "venture" means any group of two or more individuals associated in fact, whether or not a legal entity.

Authority:     18 U.S.C. § 1591

## SEX TRAFFICKING OF A CHILD

The defendant is charged in Count Two of the indictment with sex trafficking of a child in violation of Section 1591 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly recruited, enticed, harbored, transported, provided, or obtained by any means a person or knowingly benefitted, financially or received anything of value, from participation in a venture which was so engaged;

Second, the defendant did so knowing that the person had not attained the age of 18 years; and

Third, the defendant knew that the person would engage in a commercial sex act.

The term "venture" means any group of two or more individuals associated in fact, whether or not a legal entity.

# DEFENSE PROPOSED JURY INSTRUCTIONS NO. 2
## CONSPIRACY TO ENGAGE IN SEX TRAFFICKING OF A CHILD—ELEMENTS
(18 U.S.C. § 371)

The defendant is charged in Count One of the indictment with conspiring to engage in sex trafficking of a child in violation of Section 371 of Title18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about February 2007, and ending on or about March 22, 2007, there was an agreement between two or more persons to commit at least one crime as charged in the indictment;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it and;

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

///
///
///

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that the defendant personally did one of the overt acts.

Authority:    Modified Instruction No. 8.16 Manual of Model Criminal Jury Instructions for the Ninth Circuit (2007 Edition)

# CONSPIRACY TO ENGAGE IN SEX TRAFFICKING OF A CHILD—ELEMENTS

The defendant is charged in Count One of the indictment with conspiring to engage in sex trafficking of a child in violation of Section 371 of Title18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about February 2007, and ending on or about March 22, 2007, there was an agreement between two or more persons to commit at least one crime as charged in the indictment;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it and;

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

///
///
///

1   For a conspiracy to have existed, it is not necessary that the conspirators made a formal
2   agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they
3   simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one
4   another. You must find that there was a plan to commit at least one of the crimes alleged in the
5   indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the
6   conspirators agreed to commit.

8   One becomes a member of a conspiracy by willfully participating in the unlawful plan with
9   the intent to advance or further some object or purpose of the conspiracy, even though the person
10  does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully
11  joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has
12  no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of
13  the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a
14  conspirator merely by associating with one or more persons who are conspirators, nor merely by
15  knowing that a conspiracy exists.

17  An overt act does not itself have to be unlawful. A lawful act may be an element of a
18  conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not
19  required to prove that the defendant personally did one of the overt acts.