MICHAEL STEPANIAN
Attorney at Law (CSBN 037712)
819 Eddy Street
San Francisco, CA 94109
Telephone: (415) 771-6174
Facsimile:  (415) 474-3748

Attorney for Defendant Shannon Blaylock

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

−ooo−

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SHANNON BLAYLOCK, et al., ) <br> ) <br> Defendant ) <br> ) <br> / | No. CR 07-0454 PJH <br><br> **DEFENDANT SHANNON BLAYLOCK'S MOTION FOR PRODUCTION OF GRAND JURY TRANSCRIPT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** <br><br> Trial Date: September 15, 2008 <br> Pretrial Conference: August 27, 2008 <br> Hearing Time: 1:30 p.m. |

COMES NOW defendant Shannon Blaylock, and respectfully states that as soon as counsel can be heard, defendant and his counsel will move this court to enter an order granting the below listed motion. This motion is based upon the instant motion, the statement of facts (those facts were based upon Government reports heretofore provided to date, and would be subject to amplification and/or contradiction at an evidentiary hearing) and memorandum of authorities, the files and records in the

///

///

///

///

///

above-entitled cause, and any and all matters that may be brought to this court's attention prior to or at the time of the hearing of these matters.

DATED: August 13, 2008             Respectfully submitted,


                                    By    /s/ Michael Stepanian
                                          Michael Stepanian
                                          Attorney for Defendant
                                          Shannon Blaylock

1 **MEMORANDUM OF POINTS AND AUTHORITIES**

2 **I.   INTRODUCTION AND SUMMARY OF ARGUMENT**

3 Defendant Shannon Blaylock is charged in a two count indictment alleging that from February 2007 to March 22, 2007, he engaged in sex trafficking of a minor in violation of Section 1591 of Title 18 of the United States Code and conspired to do same in violation of Section 371 of Title 18 of the United States Code.  Defendant does not dispute that the Government can show that he knowingly harbored adult females for the purpose to engage in commercial sex acts.  Defendant disputes that he had the requisite knowledge of the age of the minor identified as "V.S." in the indictment to support the charges.

The Government will not provide defendant the grand jury testimony of the minor identified as "V.S." despite the defense's requests.  Because defendant's guilt or innocence rests largely on the anticipated testimony of the purported victim, defendant has a particularized need to her grand jury testimony to determine whether the grand jury was afforded the sad, but sordid, background of the purported victim, and to prepare for cross-examination of this material witness.  Accordingly, defendant respectfully submits that disclosure of the grand jury transcript is appropriate in this case.

**II.   DISCUSSION**

All grand jury proceedings must be recorded pursuant to Fed. R. Crim. P. 6(e)(1). Rule 6(e)(2) generally precludes discovery of grand jury transcripts, but one exceptions listed in Rule 6(e)(3)(C)(i) provide the defense attorney access to them: when "so directed by a court" in regard to a judicial proceeding.  In theory, the grand jury exists as a buffer between the government and the people and is charged with the twin duties of bringing to trial those justly accused, while shielding the innocent from unfounded accusations and prosecution. See <u>Stirone v. U.S.</u>, 361 U.S. 212, 218 n.3 (1960).  An independent and informed grand jury functions to discern innocence as well as guilt, to protect citizens from governmental persecution and to prosecute those who may have broken the law. See <u>U.S. v. Dionisio</u>, 410 U.S. 1, 16-17 (1973).

In <u>Douglas Oil Co. v. Petrol Stops Northwest</u>, 441 U.S. 211 (1970), the Supreme Court identified the primary interest served by maintaining the confidentiality of grand jury proceedings:

> First, if preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements. There also would be the risk that those about to be indicted would flee, or would try to influence individual grand jurors to vote against indictment. Finally, by preserving the secrecy of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule.

Id. at 219-20.

Nonetheless, the Court recognized that "in some situations justice may demand that discrete portions of transcripts be made available for use in subsequent proceedings." Douglas Oil Co., *supra*, at 220-21. Consequently, courts compel the production of grand jury material when a party demonstrates a "particularized need" for disclosure. Dennis v. United States, 384 U.S. 855, 870 (1966); United States v. Perez, 67 F.3d 1371, 1381 (9th Cir. 1995); See Pittsburgh Plate Glass Co. v. U.S., 360 U.S. 395, 400 (1959).

The Federal Rules of Criminal Procedure provide the grounds on which counsel may move for disclosure of grand jury transcripts. Fed. R. Crim. P. (6)(e)(3). However, district courts retain discretion to order disclosure of grand jury transcripts for reasons beyond those listed under Rule 6(e)(3). Craig v. U.S., 131 F.3d 99, 102 (2d Cir. 1997); In Re Hastings, 735 F.2d 1261, 1268 (11th Cir. 1984); In Re Biaggi, 478 F.2d 489, 494 (2d Cir. 1973).

Defendant must show that "a particularized need" for the transcripts outweighs the policy of secrecy. *See* Dennis v. U.S., 384 U.S. 855, 868-75 (1966); U.S. v. Procter & Gamble, 356 U.S. 677, 681-83 (1958). Here, because "V.S." is vital to the Government's prosecution against defendant, the production of transcripts is proper for purposes of cross-examination of "V.S." and to allow the defense to further demonstrate the prejudice of omitting "V.S.'s" background to the grand jury. *See* Pittsburgh Plate Glass Co. v. U.S., 360 U.S. 395, 400 (1959); U.S. v. Fowlie, 24 F.3d at 1066; Fed. R. Crim. P. 6(e)(3)(C)(ii).

The disclosure of grand jury testimony, therefore, is appropriate when the following three conditions are met: (1) the desired material will avoid a possible injustice; (2) the need for disclosure is greater than the need for continued secrecy; and (3) the request is structured to cover only relevant material. Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. at 222; United States v. Plummer, 941

1    F.2d 799, 806 (9th Cir. 1991).

**A.    The Desired Material Will Avoid a Possible Injustice**

Under these circumstances we believe a particularized need exists for the grand jury testimony relied upon by the Government in framing its charges. In particular, the minor identified as "V.S." in the indictment provided the Government repeated statements, both written and oral, which implicated co-defendant Tawakoni Seaton[1] and now cooperating witness against the defendant. The limited information "V.S." provided to the Government concerning defendant's culpability regarding his purported knowledge of her age in these discovery materials is inconsistent. The only statement "V.S." provided under oath was given to the grand jury.

Production of the grand jury transcript will mitigate the injustice of prohibiting the defendant from full access to potential impeachment evidence, testimony under oath rather than inconsistent statements given to Government agents. "[D]isclosure, rather than suppression, of relevant materials ordinarily promotes the proper administration of justice." Dennis v. United States, 384 U.S. at 870. This case is entirely "ordinary" in that respect. The grand jury transcript contains the only available record of the evidence relied upon by the government to bring these charges.

**B.    The Need for Disclosure is Greater Than the Need For Continued Secrecy.**

The grand jury proceedings relevant to this matter ended when the indictment was returned. The justifications for maintaining a veil of secrecy over those proceedings have thus diminished and the defendant's burden to justify disclosure is correspondingly reduced. See, Douglas Oil Co. v. Petrol Stops Northwest, *supra,* 441 U.S. at 223 ("as the considerations justifying secrecy become less relevant, a party asserting a need for grand jury transcripts will have a lesser burden in showing justification.")

The traditional reasons for grand jury secrecy are absent in this case. The disclosure of testimony before a terminated grand jury does not implicate any of the concerns relating to intimidation or bribery. No case can be made that defendant would harass or intimate witnesses who resides in Oklahoma. There is thus little or no possibility that disclosure will deter, influence or intimidate anyone or their future testimony in this case. On the other side of the ledger, disclosure will enable the defendant to effectively

---

[1]    Defendant Shannon Blaylock had a romantic relationship with co-defendant Tawakoni Seaton in the past in which she exhibited extreme acts of jealousy and irrational behavior.

1  cross-examine the main witness against him, to uncover instances of government coercion and
2  overreaching, and to generally respond to allegations which he maintains is entirely unfounded.

3  **C.  The Request Covers Relevant Material.**

4  It is inherent in this request for grand jury testimony, that the defendant seek only the testimony
5  relevant to the specific charges in this case. Our Court of Appeals has noted that "[w]hen the defense
6  shows a particularized need for grand jury transcripts that outweighs the need for secrecy, the trial
7  judge's function is reduced to eliminating only extraneous material or issuing protective orders in
8  unusual situations." United States v. Plummer, 941 F.2d 799, 806 (9th Cir. 1991). If any such surgery
9  is required in the instant case, which is doubtful, we are confident the trial judge will have no difficulty
10 in eliminating material the government feels is extraneous to the charges under consideration.

11 **D.  The Jencks Act Does Not Preclude The Relief Sought.**

12 The grand jury testimony of a witness who does not testify at trial is not covered by the Jencks
13 Act. United States v. Eisenberg, 469 F.2d 156, 160 (8th Cir. 1972); see 8 Moore's Federal Practice, Pt.
14 6.05[3] at 6-113 (1981). Similarly, a motion for pretrial disclosure of a scheduled witness of his grand
15 jury testimony is not controlled by the Jencks Act. United States v. Short, 671 F.2d 178, 186 (6th Cir.),
16 *cert. denied,* 102 S.Ct. 2932 (1982); United States v. Glassman, 562 F.2d 954, 957 (5th Cir. 1977);
17 United States v. Budzanoski, 462 F.2d 443, 454 (3d Cir.), *cert. denied,* 409 U.S. 949 (1972). See 8
18 Moore's Federal Practice, supra at 6-113.

19 In its review of the Legislative History, the Sixth Circuit, in Short, *supra,* stated that the 1970
20 amendment to the Jencks Act did not include grand jury testimony within the definition of "statement"
21 as used in Section 3500(a), which precludes pretrial disclosure of certain witness statements. Short,
22 supra, at 185-86. In contrast, the amendment by its terms defines grand jury testimony as a "statement"
23 only for the purposes of subsections (b), (c) and (d), which pertain to witnesses who actually testify at
24 trial. Id. This determination did not contravene the purpose of the act and did not affect a trial court's
25 discretion to order pretrial disclosure of a grand jury transcript. Id. at 186. In this respect, the court
26 reasoned:

27 "The purpose of the Jencks Act -- to give defendants access *at the trial*, to statements
   previously made by government trial witnesses -- was not changed by the 1970
28 amendment. The amendment merely made clear that after a government witness has
   testified, that witness' grand jury testimony, if any, is included among the `statements' the

defendant is entitled to have produced.  The Jencks Act does not apply to a motion for pretrial disclosure of a grand jury transcript. (citations omitted.)"

Id. (emphasis in original).

### III.   CONCLUSION

Under these authorities, disclosure of grand jury witnesses who do not testify at trial and pretrial discovery of scheduled witnesses who testify before the grand jury, is controlled by Rule 6(e).  Under that rule we have demonstrated a particularized need and therefore the grand jury transcript should be granted.

DATED: August 13, 2008                Respectfully submitted,


By     /s/ Michael Stepanian
       Michael Stepanian
       Attorney for Defendant
       Shannon Blaylock