MICHAEL STEPANIAN
Attorney at Law (CSBN 037712)
819 Eddy Street
San Francisco, CA 94109
Telephone: (415) 771-6174
Facsimile:   (415) 474-3748

Attorney for Defendant Shannon Blaylock

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

−ooo−

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 07-0454 PJH |
| ) | |
| Plaintiff, ) | **DEFENDANT SHANNON BLAYLOCK'S** |
| ) | **MOTION *IN LIMINE* TO EXCLUDE OR** |
| vs. ) | **LIMIT THE INTRODUCTION OF EVIDENCE** |
| ) | **OF OTHER BAD ACTS; MEMORANDUM OF** |
| SHANNON BLAYLOCK, et al., ) | **POINTS AND AUTHORITIES IN SUPPORT** |
| ) | |
| Defendant ) | |
| ) | Trial Date:  September 15, 2008 |
| / | Pretrial Conference: August 27, 2008 |
| | Hearing Time: 1:30 p.m. |

COMES NOW defendant Shannon Blaylock, and respectfully states that as soon as counsel can be heard, defendant and his counsel will move this court to enter an order granting the below listed motion.  This motion is based upon the instant motion, the statement of facts (those facts were based upon Government reports heretofore provided to date, and would be subject to amplification and/or contradiction at an evidentiary hearing) and memorandum of authorities, the files and records in the

///

///

///

///

---

above-entitled cause, and any and all matters that may be brought to this court's attention prior to or at the time of the hearing of these matters.

DATED: August 13, 2008            Respectfully submitted,

                                  By    /s/ Michael Stepanian
                                        Michael Stepanian
                                        Attorney for Defendant
                                        Shannon Blaylock

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Defendant Shannon Blaylock is charged in a two count indictment alleging that from February 2007 to March 22, 2007, he engaged in sex trafficking of a minor in violation of Section 1591 of Title 18 of the United States Code and conspired to do same in violation of Section 371 of Title 18 of the United States Code. Defendant does not dispute that the Government can show that he knowingly harbored adult females for the purpose to engage in commercial sex acts. Defendant disputes that he had the requisite knowledge of the age of the minor identified as "V.S." in the indictment to support the charges.

Motions *in limine* are brought to limit the introduction of evidence, including the admission of the defendant's other prior bad acts. (See Luce v. United States, 105 S.Ct. 460 (1984) [motion *in limine* is appropriate to decide pretrial evidentiary matters].) In order for prior bad acts to be admissible, the evidence must be relevant to one of the permissible purposes contained within Rule 404(b).

Defendant seeks to exclude, limit or otherwise request the Court to order the government to demonstrate the admissibility of three general categories of evidence outside of the presence of the jury to wit: (1) allegations of domestic violence against cooperating witness Tawakoni Seaton; (2); other bad acts of sex trafficking of adults; and (3) any other irrelevant and prejudicial bad act evidence.

## II. DISCUSSION

**A. The Conduct Sought to Be Proven in Other Acts Exceeds the Limits Set for Purposes for Which Evidence of Other Crimes, Wrongs, or Acts May Be Admitted.**

The Government has not yet stated what its evidence regarding defendant's prior bad acts will consist of. However if the Government seeks to introduce evidence that defendant Blaylock physically abused cooperating witness Tawakoni Seaton and/or other acts of sex trafficking the defendant was engaged in, the Court must scrutinize severely such evidence sought to be introduced due to its ability to unduly prejudice the defendant.

In the Ninth Circuit, evidence of other acts may be admitted under Rule 404(b) if: (1) the evidence tends to prove a material point; (2) it is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) (in cases where

knowledge is at issue) the act is similar to the offense charged. United States v. Vizcarra-Martinez, 66 F.3d 1006, 1013 (9th Cir. 1995). The court has repeatedly reaffirmed the principle that such extrinsic act evidence is not looked upon with favor, as it raises substantial concerns that a person may be convicted not for what he did, but for who he is. United States v. Bradley, 5 F.3d 1317, 1320 (9th Cir. 1993). In other words, Rule 404(b) does not authorize the admission of uncharged acts to establish propensity.

In this case, the admission of evidence concerning allegations of domestic violence against cooperating witness Tawakoni Seaton would prejudice defendant Blaylock in the eyes of the jury. Additionally, other allegations concerning sex trafficking would serve no appropriate purpose other than to inflame the jury's sentiments regarding sex trafficking in general and child sex trafficking in particular. Defendant does not dispute that he has engaged in the past involving transactions surrounding the sex trafficking of *adult* women. Thus, such evidence does not tend to prove a material point. Allegations of physical abuse has no relevance at all to the charges against defendant Blaylock.

Such incidents are not material as to any element that the government must prove regarding defendant's knowledge that the person who engaged in commercial sex acts had not attained the age of 18 years because there are no women which defendant has been involved with who have engaged in commercial sex acts under the age of 18. Thus, these incidents cannot be introduced under Rule 404(b).

If the government introduces evidence of physical altercations between defendant Blaylock and cooperating witness Tawakoni Seaton, defendant must be permitted to show that these incidents are not as portrayed by Seaton who has a long history of mental illness. Similarly, if the government introduces evidence of sex trafficking transactions or incidents other than those which are the subject of the indictment in order to show pattern of conduct, the defendant must be permitted to show that these incidents and transactions occurred with adults over the age of majority. This would lengthen the trial substantially over a matter collateral to the charges.

Additionally defendant is not charged with a violent crime nor any crime involving any other minors. The crimes charged are specific to one particular minor in the indictment. The Court must be extremely careful to guard against the danger that a defendant will be convicted because of proof of other

offenses rather than because the government has introduced evidence sufficient to prove beyond a reasonable doubt that the defendant is actually guilty of the offense for which he is being tried.

Such evidence must be narrowly circumscribed and limited. The criminal conduct must in some cases be similar to the offense charged; and the conduct must be introduced to prove an element of the charged offense that is a material issue in the case and the defendant has to be connected to it. Otherwise mini-trials as to each other sex trafficking transaction will occur.

Evidence of other sex trafficking conduct involving the defendant is not similar to the offense charged because of the simple fact that he is charged with child sex trafficking. Because defendant does not dispute that he has engaged in sex trafficking involving adults, there is nothing material to be proven to a jury on this subject to the extent such other bad act evidence is proffered by the Government in support of its prosecution against the defendant. Even if a proffered item of evidence can be pigeon-holed in a category, it must nonetheless be relevant to establish an element of the offense that is a material issue.

### B. Even If Other Acts Are Relevant, They Should Be Excluded as the Prejudice Resulting from Them Outweighs Their Probative Value.

Rule 403 of the Federal Rules of Evidence provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice (or) confusion of the issues." This balancing is mandated under the Ninth Circuit's 404(b) analysis: Once the aforementioned prerequisites have been satisfied, the evidence is admissible for those purposes permitted by Rule 404(b) if the court determines that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. Fed.R.Evid. 403. United States v. Federico, 658 F.2d 1337 (9th Cir. 1981).

In balancing the probative value of evidence against the danger of unfair prejudice, the trial court should also consider the need for evidence of prior criminal conduct to prove a particular point. United States v. Lawrance, 480 F.2d 688, 691-92 n.6 (5th Cir. 1973); C. McCormick, *McCormick's Handbook of The Law of Evidence* § 190 at 453 (2d ed. 1972). The probative value of evidence must be measured by its "tendency to make the existence of any fact that is of consequence . . . more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Thus, the evidence should not be

admitted unless there is an identifiable need for it.

Taking into account the potential for unfair prejudice and the lack of any need for this evidence, the court should exclude any Rule 404(b) evidence pertaining to physical altercations and other acts of sex trafficking involving the defendant. Even if any of the previously discussed acts are somehow marginally relevant to the instant charge, the evidence should nonetheless be excluded as admission of these incidents would tend to unfairly prejudice the jury against defendant.

In United States v. Shackleford, 738 F.2d 776 (7th Cir. 1984), the court held that a defendant cannot be identified as the perpetrator of the charged acts simply because he has, at other times, committed the same commonplace variety of criminal acts. The question for the court is whether the characteristics relied upon are sufficiently idiosyncratic to permit the inference of pattern for the purpose of proof.

The Government must come forward and meet its burden of proof and show the reliability of this "evidence" and an identifiable need for it before the Court can make an appropriate evaluation. Once it does, defendant is satisfied that it will fail in its effort to show probative value to defendant's purported knowledge of the age of the person identified as "V.S." in the indictment. Defendant wishes to be tried on the facts of this case and not on other uncharged "events" that lack credibility, proof, reliability, and inherent relevance. The stakes are far too high to permit anything less.

The Ninth Circuit Court of Appeals re-affirmed that other acts evidence is disfavored because "the defendant must be tried for what he did, not for who he (or she) is. Thus guilt or innocence of the accused must be established by evidence relevant to the particular offense being tried, not by showing that the defendant has engaged in other acts of wrongdoing." United States v. Mayans, 17 F. 3d 1174 (9th Cir. 1994).

**C.    Admission of Uncharged Allegations of Physical Violence and Sex Trafficking Would Violate Due Process.**

The Ninth Circuit has ruled that admission of "other acts" evidence solely for the purpose of proving propensity violated Due Process. In Jammal v. Van de Kamp, 926 F.2d 918, 920 (9th Cir. 1991), the court held that "[o]nly if there are no permissible inferences the jury may draw from the evidence can its admission violate due process." In McKinney v. Rees, 993 F.2d 1378

1  (9th Cir. 1993), the court found that where evidence is admitted solely to establish propensity, the
2  Jammal standard is met: Because drawing propensity inferences from "other acts" evidence of character
3  is impermissible under an historically grounded rule of Anglo-American jurisprudence the . . . evidence
4  [in question] meets the strict test we established in Jammal. Id. at 1384. Upon analyzing the facts of the
5  case, the court determined that the admission of this propensity evidence violated Due Process. Id. at
6  1385; see also Henry v. Estelle, 33 F.3d 1037 (9th Cir. 1993) (evidence of prior child molestation in
7  prosecution for child molestation rendered petitioner's trial fundamentally unfair); United States v.
8  Hodges, 770 F.2d 1475, 1479 (9th Cir. 1985) ("Our reluctance to sanction the use of evidence of other
9  crimes stems from the underlying premise of our criminal justice system, that the defendant must be tried
10 for what he did, not for who he is.")

11  The admission of incidents involving physical violence and incidents involving adult sex
12 trafficking would violate the defendant's fundamental Due Process right to a fair trial. To the extent the
13 Government's case relies on allegations involving physical violence and/or adult sex trafficking, such
14 evidence is cumulative and irrelevant to the charges defendant faces in this action. Thus, this extraneous
15 evidence would unquestionably present the constitutionally impermissible risk that the jury would
16 convict the defendant based on the presence of multiple accusations of "pimping" adult females engaged
17 in prostitution. This should not be allowed.

### III.  CONCLUSION

19  Based upon the foregoing, defendant respectfully requests this honorable Court to enter
20 an order precluding the Government from offering evidence of physical violence or any other
21 transactions of sex trafficking other than those charged in the indictment.

22 DATED: August 13, 2008    Respectfully submitted,

25                   By    /s/ Michael Stepanian
                           Michael Stepanian
26                         Attorney for Defendant
                           Shannon Blaylock