1  JOSEPH P. RUSSONIELLO (CASBN 44332)
   United States Attorney
2
   BRIAN J. STRETCH (CASBN 163973)
3  Chief, Criminal Division

4  DENISE MARIE BARTON (MABN 634052)
   DAVID HALL (CSBN 66081)
5  Assistant United States Attorneys

6    450 Golden Gate Avenue, Box 36055
     San Francisco, California 94102
7    Telephone: (415) 436-7359
     Facsimile: (415) 436-7234
8    denise.barton@usdoj.gov

9  Attorneys for Plaintiff

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                      SAN FRANCISCO DIVISION

13

| UNITED STATES OF AMERICA, | ) | No. 07-0454 PJH |
|---|---|---|
| Plaintiff | ) | **UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR PRODUCTION OF GRAND JURY TRANSCRIPT** |
| v. | ) | |
| SHANNON BLAYLOCK and TAWAKONI SEATON | ) | |
|  | ) | Pre-Trial Conference: August 27, 2008 |
| Defendants | ) | Time: 1:30 p.m. |
|  | ) | Trial Date: September 15, 2008 |
|  |  | Time: 8:30 a.m. |

UNITED STATES' UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR PRODUCTION OF GRAND JURY TRANSCRIPT, CR 07-0454 PJH

1

1    Defendant's Motion for Production Of The Grand Jury transcript of the victim-
2 witness is not supported by law, is rapidly becoming moot, and should be denied.  His
3 unfounded and conclusory speculation that certain information was not presented to the
4 Grand Jury and cited need to prepare for cross-examination and trial generally does not
5 warrant this Court ordering disclosure of transcripts that are not subject to discovery under
6 the Jencks Act and the Federal Rules of Criminal Procedure.
7    **A.    The Government Has Agreed to Produce The Requested Grand Jury**
8           **Transcript**
9    This Court will be hearing the Defendant's Motion to Produce Grand Jury
10 Transcripts on August 27, 2008 at the scheduled Pretrial Conference.  As stated in its
11 Pretrial Conference Statement (*ECF Docket No. 89*), although not required by statute or
12 the rules of discovery, to facilitate an efficient and orderly trial, the United States will
13 provide the Grand Jury testimony of the witnesses it intends to call at trial - which includes
14 that of the minor victim, on September 2, 2008 - 5 days after the pretrial conference and 13
15 days prior to trial.  *See ECF Docket No. 89*, p. 2.  Therefore, as a practical matter,
16 defendant's Motion will be rendered moot.  Production of the requested transcript 13 days
17 prior to trial will afford defendant ample opportunity to review the transcripts and prepare
18 for cross-examination and potential impeachment of the witness.
19   **B.    The Defendant Is Not Entitled To The Disclosure He Seeks**
20    Briefly addressing the merits of the defendant's Motion, the defendant is not
21 entitled to the early disclosure of grand jury material under the law and has not made even
22 a threshold showing of particularized need that would warrant this Court ordering early
23 disclosure.
24    1.    Defendant's Motion Is Not Supported By Law
25    The law is clear that the United States has no obligation to disclose non-exculpatory
26 grand jury transcripts of trial witnesses prior to trial.
27 //
28

UNITED STATES' UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR PRODUCTION OF GRAND
JURY TRANSCRIPT, CR 07-0454 PJH

2

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500(a)(*Jencks* Act).  The Federal Rules of Criminal Procedure also explicitly exclude grand jury transcripts from discovery and pre-trial disclosure.  Fed. R. Crim. P. 16(a)(3)("This rule [governing discovery] does not apply to the discovery or inspection of a grand jury's recorded proceedings, except as provided in Rules 6, 12(h), 16(a)(1), and 26.2.");  Fed. R. Crim. P. 26.2(a) ("*After a witness other than the defendant has testified on direct examination*, the court, on motion of a party who did not call the witness, must order an attorney for the government or the defendant and the defendant's attorney to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony.")(emphasis added).

The defendant is flatly incorrect in his assertion that the Jencks Act does not govern disclosure of grand jury transcripts.  With all due respect for the Sixth Circuit, from which the defendant draws authority for his *Motion for Production*, the governing law for this Court should be from the United States Supreme Court and Ninth Circuit Court of Appeals.  Those Courts have consistently held that "defendants are not entitled to grand jury transcripts before trial; due to the strictly enforced tradition of grand jury secrecy, defendants generally have access to no information whatsoever regarding the conduct of the grand jury." *United States v. Mechanik*, 475 U.S. 66, 80-81 (1986) (upholding the denial of defendant's request for grand jury transcripts); *United States v. Calderon-Perez*, 255 Fed. Appx. 271, *1 (unpublished)(affirming that the defendant's claim that Government was obligated to provide grand jury transcripts prior to a witness testifying at trial is not supported by the Jencks Act or the Rules of Criminal Procedure); *United States v. Isgro*, 974 F.2d 1091, 1095 (9th Cir. 1992) (finding that while trial testimony is not

1  included in the Jencks Act disclosure provisions, grand jury transcripts are included);
2  *United States v. Chaudry*, No. 03-40210 SBA, 2008 WL 2128197 (N.D.C.A. May 20,
3  2008)(relying on the Jencks Act, denying defendant's motion for early disclosure of grand
4  jury transcripts prior to trial). The defendant has not identified a single reason why this
5  Court should depart from established and long-standing precedent and order disclosure
6  that is not required by law.

7      2.    <u>The Defendant Has Not Made A Particularized Showing of Need</u>

8      The United States recognizes that, in certain limited circumstances, this Court
9  would have discretion to order disclosure under the Federal Rule of Criminal Procedure
10 Rule 6(a)(3)(E).

11
12      The court may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter:
13      (i) preliminarily to or in connection with a judicial proceeding;
14      (ii) at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before
15      the grand jury . . . .

16 However, to be entitled to such disclosure, the defendant must make a showing of
17 particularized need that would outweigh the policy of protecting the secrecy of the grand
18 jury. *United States v. Walczak*, 783 F.2d 852 (9th Cir. 1986) (citing *Pittsburgh Plate Glass*
19 *Co. v. United States*, 360 U.S. 395, 400, 79 S. Ct. 1237, 1241, 3 L. Ed.2d 1323 (1959))
20 (disclosure of grand jury transcripts would only be appropriate in certain cases with a
21 particularized showing ). The Supreme Court has recognized that even when the
22 defendant does state a particularized need, these requests "are rarely granted ... the only
23 access to grand jury materials is likely to be through the medium of the Jencks Act, which
24 requires the prosecutor, after direct examination of a Government witness, to produce the
25 witness' prior statements." *Mechanik*, 475 U.S. at 80-81.
26 18 U.S.C. § 3500.
27     In this case, the defendant has not stated any particularized need that would
28

UNITED STATES' UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR PRODUCTION OF GRAND
JURY TRANSCRIPT, CR 07-0454 PJH

outweigh the policy of protecting the secrecy of the grand jury. The defendant claims that he needs early disclosure of these transcripts for the following reasons:

    1) to prepare his cross-examination and prepare for impeachment of the victim-witness;

    2) to "demonstrate the prejudice of omitting V.S.'s background to the Grand Jury;"

    3) because there are inconsistencies in the victim-witness' statements that are not under oath;

    4) the need for disclosure now, as trial approaches, outweighs the need for secrecy.

*Defendant's Motion*, pp. 4-5. (*ECF Docket No. 92*). Two of the stated reasons - the need to to prepare his cross-examination and prepare for impeachment of the victim-witness and that the need for disclosure now, as trial approaches, outweighs the need for secrecy - is no different here than it would be in any other case. To find that defendant has made a particularized showing on these grounds would be tantamount to an acknowledgment that every defendant can make a particularized need for disclosure of grand jury transcripts as he or she approaches a trial date. The defendant also claims that disclosure of the transcript is necessary because of inconsistencies in the victim witnesses prior statements that were not made under oath.[1] In effect, this asserted reason is a restatement of the need to prepare for cross-examination and impeachment. For the reasons stated above, this general need should not be the basis for this Court to order disclosure. Finally, the defendant now, for the first time, alludes to improprieties in the Grand Jury, specifically the failure to present exculpatory evidence to the Grand Jury. This allegation is not only unfounded but irrelevant. If truly exculpatory evidence did exist - and the United States does not concede that the allegations by the defendant are either true or exculpatory - the United States had no affirmative obligation to present exculpatory evidence to the Grand Jury. *Isgro*, 974 F.2d at 1096. The defendant's generalized statements of need, taken individually and as a

---

[1] The United States disagrees with the defendant's characterization of the victim witness' statements.

UNITED STATES' UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR PRODUCTION OF GRAND JURY TRANSCRIPT, CR 07-0454 PJH

1 whole do not meet the requisite showing of particularized need for this Court to consider
2 granting early disclosure of the grand jury testimony of the victim witness.
3    **C. Conclusion**
4    For all these reasons, the United States submits that this Court should deny the
5 defendant's *Motion For Production of Grand Jury Transcripts*.
6
7
8 Date: August 20, 2008                    Respectfully submitted,
9                                          JOSEPH P. RUSSONIELLO
                                           United States Attorney
10
11
                                           _____/s/_____
12                                         DENISE MARIE BARTON
                                           Assistant United States Attorney
13
14
...
28