JOSEPH P. RUSSONIELLO (CASBN 44332)
United States Attorney

BRIAN J. STRETCH (CASBN 163973)
Chief, Criminal Division

DENISE MARIE BARTON (MABN 634052)
DAVID HALL (CSBN 66081)
Assistant United States Attorneys

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-7359
   Facsimile: (415) 436-7234
   denise.barton@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff <br>     v. <br> SHANNON BLAYLOCK and <br> TAWAKONI SEATON <br>     Defendants | No.07-0454 PJH <br><br> **UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE OR LIMIT THE INTRODUCTION OF HIS PRIOR CRIMINAL RECORD AND EVIDENCE OF OTHER BAD ACTS** [1] <br><br> Pre-Trial Conference: August 27, 2008 <br> Time:     1:30 p.m. <br><br> Trial Date:     September 15, 2008 <br> Time:     8:30 a.m. |

---

[1] Defendant's *Motion in Limine to Exclude or Limit the Introduction of His Prior Criminal Record and Evidence of Other Bad Acts* (*ECF Docket No. 90*) incorporates *Defendant's Motion in Limine to Exclude or Limit the Introduction of Evidence of Other Bad Acts* (*ECF Docket No. 93*) verbatim. Accordingly, this Opposition is made in response to both *Motions in Limine*.

UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE OR LIMIT THE
INTRODUCTION OF HIS PRIOR CRIMINAL RECORD AND EVIDENCE OF OTHER BAD ACTS , CR 07-
0454 PJH

1

A.    Defendant's Prior Convictions Are Admissible Pursuant to Fed. R. Evid. 609(a)(1)

In filing their respective motions in limine on August 13, 2008, the parties filed motions on the opposite sides of the same issue - the admissibility of defendant's prior convictions. In its *Motion in Limine to Exclude or Limit the Introduction of His Prior Criminal Record and Evidence of Other Bad Acts* (*ECF Docket No. 90*), the defendant seeks to restrict or otherwise limit the United States ability to introduce criminal convictions of the defendant. In its *Omnibus Motions in Limine* (*ECF Docket No. 80*), pp. 8-10, the United States moved to admit certain convictions of the defendant for impeachment purposes. Rather than restate the United States' Motion in Limine on this point, the United States incorporates its *Omnibus Motions in Limine* (*ECF Docket No. 80*), pp. 8-10 herein by reference.

Further, the United States will briefly respond to certain points raised by the defendant that were not addressed in the United States's original motion. First, the United States recognizes that any conviction, if to be proven extrinsically, would have to been proven by a certified conviction not simply a rap sheet. Next, although the United States has produced a rap sheet of the defendant, contrary to the defendant's assertions, it has also produced copies of certified convictions and produced those documents to the defendant several months ago.

Finally, in its *Omnibus Motions in Limine* (*ECF Docket No. 80*), the United States has provided the defendant notice of the convictions it would seek to use to impeach the defendant. The United States does not currently intend to use the convictions referenced in footnote 2 of the defendant's Motion.

//
//
//
//
//

UNITED STATES'OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE OR LIMIT THE INTRODUCTION OF HIS PRIOR CRIMINAL RECORD AND EVIDENCE OF OTHER BAD ACTS , CR 07-0454 PJH

2

B. <u>The Rules of Evidence Explicitly Permit Introduction of The "Bad Act" Evidence That the Defendant Seeks to Exclude</u>

Similar to their respective motions in limine concerning Federal Rule of Evidence 609, the parties also filed motions in limine on the opposite sides of the admissibility of "bad act" evidence of the defendant. In response to the defendant's Motion in Limine to limit Rule 404(b) evidence, the United States incorporates its *Omnibus Motion in Limine* (*ECF Docket No. 80*), pp. 1-3, herein by reference.

The defendant seeks to exclude evidence relating to other sex trafficking of the defendant; sex trafficking of other minors; and claims of domestic violence against co-defendant. At the outset, defendant's contention that any such "bad act" evidence must bear directly on an element of proof is incorrect. Federal Rule of Evidence 404(b) provides that

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

Fed. R. Evid. 404(b). This Rule does not require a relationship to an element of the offense. In fact, it explicitly permits evidence for "other purposes" such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

With respect to the specific evidence to be offered, the United States will further identify the areas of 404(b) evidence, as the trial nears and the witnesses to testify are more certain. This District has recognized that although there is no specific time period for disclosure of Rule 404(b) evidence, "courts have generally found that providing a defendant with between one and three weeks notice prior to the start of trial of any evidence the government intends to introduce under Rule 404(b) is reasonable." *United States v. Aguilar*, No. CR 07-0030 SBA, 2007 WL 4219370, *4 (N.D.Cal. Nov. 28, 2007)(citations omitted). At this point, it is expected that the minor victim and other

UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE OR LIMIT THE INTRODUCTION OF HIS PRIOR CRIMINAL RECORD AND EVIDENCE OF OTHER BAD ACTS , CR 07-0454 PJH

3

witnesses, including Antonio Williams, will testify as to the defendant's familiarity with of the prostitution business and prostitution, and attempted prostitution, of other females. And, as set forth in the Omnibus Motion in Limine, the minor victim will testify as to acts engaged in on behalf of the defendant prior to her arrival in the Northern District of California. Such evidence is not only inextricably intertwined with the crime charged, it is also directly relevant to show defendant's familiarity with the prostitution business which bears on intent, knowledge, preparation, and absence of mistake or accident - all permissible reasons to admit "bad act" evidence under Fed. R. Evid. 404(b). None of the evidence to be offered is "propensity" evidence.

If co-defendant Seaton testifies, the United States will seek to introduce other "bad act" type evidence, all of which would be admissible as "inextricably intertwined" or as non-propensity Federal Rule of Evidence 404(b) evidence. Although scheduled to enter a plea of guilty on Friday, co-defendant Seaton has not yet pled. If and when co-defendant Seaton pleads guilty, the United States will disclose the type of evidence to be offered through her testimony that would qualify as and be admissible as non-propensity Federal Rule of Evidence 404(b) evidence.

## C. Conclusion

For all these reasons, the defendant's prior convictions and non-propensity "bad acts evidence, are admissible under Federal Rules of Evidence 609 and 404(b), respectively.

Date: August 20, 2008                    Respectfully submitted,

                                         JOSEPH P. RUSSONIELLO
                                         United States Attorney


                                         _____/s/_____
                                         DENISE MARIE BARTON
                                         Assistant United States Attorney

UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE OR LIMIT THE INTRODUCTION OF HIS PRIOR CRIMINAL RECORD AND EVIDENCE OF OTHER BAD ACTS , CR 07-0454 PJH