JOSEPH P. RUSSONIELLO (CASBN 44332)
United States Attorney

BRIAN J. STRETCH (CASBN 163973)
Chief, Criminal Division

DENISE MARIE BARTON (MABN 634052)
C. DAVID HALL (CSBN 66081)
Assistant United States Attorneys

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-7359
   Facsimile: (415) 436-7234
   denise.barton@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff <br>     v. <br> SHANNON BLAYLOCK and <br> TAWAKONI SEATON <br>     Defendants | No. 07-0454 PJH <br><br> **UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE OR LIMIT THE INTRODUCTION OF CO-DEFENDANT'S STATEMENTS** <br><br> Pre-Trial Conference: August 27, 2008 <br> Time:              1:30 p.m. <br><br> Trial Date:     September 15, 2008 <br> Time:              8:30 a.m. |

UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE OR LIMIT THE INTRODUCTION OF CO-DEFENDANT'S STATEMENTS, CR 07-0454 PJH

1

1    In his Motion, defendant takes issue with what he characterizes as "lack of pre-trial disclosures of what the Government intends to elicit from cooperating witness Tawakoni Seaton." To date, Seaton is not a cooperating witness and the United States has no disclosure obligations concerning her potential testimony. If co-defendant Seaton pleads guilty as scheduled on Friday, August 22, 2008 before this Court, the United States will immediately make all required disclosure. Insofar as Seaton as not a cooperating witness, the defendant's motion is premature.

Further, with respect to the defendant's legal argument, the pretrial evidentiary hearing suggested by the defendant as a prerequisite to introduction of co-conspirator statements is not only contrary to law, it would be a substantial waste of time and in effect, result in this Court holding two trials - one to assess admissibility and the other for the jury to determine guilt. In *Bourjaily v. United States*, the United States Supreme Court held, inter alia, that:

1. the trial court may consider the proffered hearsay statements themselves in determining the existence of the conspiracy and the defendant's participation in it; and

2. the trial court is not required by the confrontation clause to make an inquiry into the independent indicia of the reliability of the statement.

483 U.S. 171, 175-76 (1987). If Seaton testifies, prior to her testimony, the United States will make an ample proffer to permit this Court to make the necessary evidentiary rulings to determine that her statements are admissible.

A statement by a co-conspirator during the course and in furtherance of the conspiracy is not hearsay and is admissible against other members of the conspiracy. Federal Rule of Evidence 801(d)(2)(E); *United States v. Crespo de Llano*, 838 F. 2d 1006, 1017 (9th Cir. 1987). The theory under which a co-conspirator's out-of-court statements are admissible is that each member of the conspiracy is the agent of every other member and an agent's admission binds his principal. *United States v. Patel*, 879 F.2d 292, 293

1  (7th Cir. 1989). Evidence against one defendant in a conspiracy can properly be considered
2  against another defendant given evidence linking each to the conspiracy. *United States v.*
3  *Nixon*, 918 F. 2d 895, 906 (11th Cir. 1990).
4      In order to introduce a statement of a co-conspirator into evidence against a
5  defendant, the government need only establish by a preponderance of the evidence the
6  existence of the conspiracy and the defendant's connection to it, and show that the
7  statement was made during and in furtherance of the conspiracy. *Bourjaily*, 483 U.S. at
8  175-76 (1987). Once a conspiracy is shown, the prosecution need only present slight
9  evidence connecting the defendant to the conspiracy. *United States v. Mason*, 658 F. 2d
10 1263, 1269 (9th Cir. 1981). In addition, a trial court has discretion to vary the order of
11 proof in admitting a co-conspirator's statement; the statement may be admitted prior to the
12 presentation of independent evidence of the conspiracy. *United States v. Loya*, 807 F. 2d
13 1483, 1490 (9th Cir. 1987); *United States v. Arbelaez*, 719 F. 2d 1453, 1460 (9th Cir.
14 1983). Because at the time co-conspirator statements are made, the declarant does not
15 have a reasonable expectation that the statement will be used in court, such statements are
16 not considered testimonial within the meaning of *Crawford v. Washington*, 541 U.S. 36
17 (2004), and their introduction does not violate the Confrontation Clause. *United States v.*
18 *Allen*, 425 F.3d 1231, 1234-1235 (9th Cir. 2005); *Israel v. Quinn*, NO. C05 1714 TSZ,
19 2006 WL 3834003, *9-10 (W.D.Wash. Nov. 17, 2006).
20     In his Motion, the defendant also narrowly construes the admissibility of co-
21 defendant statements too narrowly. Statements do not need to be made temporarily within
22 the charged dates of the conspiracy to be admissible under Federal Rule of Evidence
23 801(d)(2)(E). In determining whether a statement was made "in furtherance of" a
24 conspiracy, the focus is not on its actual effect in advancing the goals of the conspiracy,
25 but on the declarant's intent in making the statement. *United States v. Zavala-Sierra*, 853
26 F.2d 1512, 1516 (9th Cir. 1988).
27 //
28

> When a declarant seek[s] to induce [the listener] to deal with the conspirators or in any other way to cooperate or assist in achieving the conspirator's common objective, the declaration may be admissible [as a co-conspirator statement]. Statements concerning activities of the conspiracy, including future plans, also may become admissible when made with such intent.

*United States v. Foster*, 711 F. 2d 871, 880 (9th Cir. 1983). The Ninth Circuit case *United States v. Yarbrough*, contains a helpful review of cases which address the issue of whether a statement is made "in furtherance of" a conspiracy for purposes of the rule:

> Mere conversations between co-conspirators, or merely narrative declarations among them, are not made "in furtherance" of a conspiracy. *United States v. Layton*, 720 F. 2d 548, 556-57 (9th Cir.1983) (narrations of past events inadmissible while expressions of future intent are admissible); *United States v. Eubanks*, 591 F.2d 513, 521 (9th Cir.1979). Rather, to be "in furtherance", the statements must further the common objectives of the conspiracy or set in motion transactions that are an integral part of the conspiracy. *Layton*, 720 F.2d at 556. Statements made to induce enlistment or further participation in the group's activities are considered to be "in furtherance" of the conspiracy. *United States v. Dorn*, 561 F. 2d 1252, 1256-57 (7th Cir. 1977) (per curiam), *overruled on other grounds*, *United States v. Read*, 658 F.2d 1225, 1236, n. 6 (7th Cir. 1981). Likewise, statements made to prompt further action on the part of conspirators are admissible under 801(d)(2) (E), *United States v. Dendall*, 665 F.2d 126, 133 (7th Cir. 1981), cert. denied, 455 U.S. 1021, 102 S. Ct. 1719, 72 L. Ed. 2d 140 (1982), as are those made to "reassure" members of a conspiracy's continued existence. *United States v. Mason*, 658 F.2d 1263, 1270 (9th Cir. 1981). Statements made to allay a co-conspirator's fears are admissible. *Eubanks*, 591 F.2d at 521, n. 7. Most importantly, statements made to keep co-conspirators abreast of an ongoing conspiracy's activities satisfy the "in furtherance of" requirement. *United States v. Eaglin*, 571 F. 2d 1069, 1083 (9th Cir. 1977; *United States v. Moody*, 778 F.2d at 1382 (statements made to "higher ups" of the group are "in furtherance").

852 F.2d 1522, 1535-1536 (9th Cir. 1988). *See also United States v. Crespo de Llano*, 838 F.2d at 1543 (statements are in furtherance of the conspiracy if they are made to keep a person abreast of the conspirator's activities, to induce continued participation in the conspiracy, or to allay fears)

In *United States v. Larson*, the court upheld under Rule 801(d)(2)(E) the admission of the testimony of a cooperating co-conspirator that two other conspirators told him that the defendant was the source of their methamphetamine. The court rejected the

UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE OR LIMIT THE INTRODUCTION OF CO-DEFENDANT'S STATEMENTS, CR 07-0454 PJH

4

1  defendant's argument that the statements were "merely chit chat, bragging, or descriptive
2  comments."  460 F.3d 1200, 1210-1212 (9th Cir. 2006), *affirmed* at 495 F.3d 1094, 1096,
3  1099, n.4  (9th Cir. 2007) (en banc), *cert. denied*, 128 S.Ct. 1647 (2008).  The court also
4  held that to establish that the statement was made in furtherance of the conspiracy, "the
5  foundation need be sufficient only to *infer* the statement's purpose; it need not be laid bare
6  on the pages of the trial transcript" and further that the testimony regarding the co-
7  conspirator's statement need not be "connected to any explicit foundational evidence as to
8  <u>why</u> the declarant made the statement.  *Id.* at 1211-1212. (emphasis in original.)

Similarly, in *United States v. Williams*, the Ninth Circuit individually analyzed 21 specific out-of-court statements to determine whether they fell within the coconspirator hearsay exception of Rule 801(d)(2)(E).  By way of example, the following statements of a declarant named Mark were each held to be admissible under Rule 801(d)(2)(E):

1. Mark told Glen (a co-conspirator) he wanted to borrow $1,000 from Glen to obtain marijuana from the defendant.
2. Mark told Glen that the defendant was going to Colorado to get marijuana from George Allen.
3. Mark told Glen he was going to Denver with the defendant to look for "the stuff."
4. Mark told Glen that the defendant and Allen would be taking a trip to look for a chemical with which to make crank.
5. Mark asked his friend Winters if he would like to buy some crank.

The Court held that the first four of these statements were designed to keep Glen informed of the conspiracy's activities and the fifth statement was an attempt "to set a transaction in motion that was integral to the conspiracy, namely, a drug sale."  989 F.2d 1061, 1067-1070 (9th Cir. 1993).  It should also be noted that the Court upheld the admissibility of

//
//
//

1  some of the other 21 statements as either a declaration against penal interest under F.R.E.
2  Rule 804(b)(3) or as admissions of a party opponent under F.R.E. Rule 801(d)(2).
3      The United States reserves the right to supplement its response if and when the
4  defendant's motion becomes ripe.

7  Date: August 20, 2008          Respectfully submitted,

8                                      JOSEPH P. RUSSONIELLO
                                    United States Attorney

11                                      /s/
                                  DENISE MARIE BARTON
                                  C. DAVID HALL
12                                    Assistant United States Attorneys