1  MICHAEL STEPANIAN
   Attorney at Law (CSBN 037712)
2  819 Eddy Street
   San Francisco, CA 94109
3  Telephone: (415) 771-6174
   Facsimile:  (415) 474-3748
4
   RANDY SUE POLLOCK
5  Attorney at Law (CSBN 64493)
   2831 Telegraph Avenue
6  Oakland, CA 94609
   Telephone: (510) 763-9967
7  Facsimile:  (510) 272-0711

8  Attorneys for Defendant Shannon Blaylock

9
                  UNITED STATES DISTRICT COURT
10
                  NORTHERN DISTRICT OF CALIFORNIA
11
                             –ooo–
12

13  UNITED STATES OF AMERICA,       )  No. CR 07-0454 PJH
                                    )
14          Plaintiff,              )  **DEFENDANT SHANNON BLAYLOCK'S**
                                    )  **RESPONSE TO UNITED STATES' OMNIBUS**
15     vs.                          )  **MOTION *IN LIMINE***
                                    )
16  SHANNON BLAYLOCK, et al.,       )
                                    )
17          Defendant               )  Trial Date:   September 15, 2008
                                    )  Pretrial Conference Date: August 27, 2008
18  _____/

19
       COMES NOW defendant Shannon Blaylock, and responds to the Government's motions *in*
20
   *limine* as follows:
21

22                        **I.   RESPONSE**

23  **A.   The Government Fails to Identify the Uncharged Conduct It Contends is Inextricable
            Intertwined Evidence or Rule 404(b) Evidence**
24
       The Government states that it intends to "offer evidence of defendants' activities in relation to
25
   the victim prior to her arrival in the Northern District of California" but does not identify these
26
   "activities" other than a vague reference to "actions [that] were all part of a continuing effort to prostitute
27
   the victim." This is not "proffered evidence" as the Government contends.
28

---

1    Defendant is not in a position to respond to whether the purported "evidence" the Government
2 seeks to introduce constitutes "inextricable intertwined evidence" or Rule 404(b) evidence. Defendant's
3 own motion *in limine* to exclude or limit the introduction of evidence of other bad acts dutifully noted
4 that "the Government has not yet stated what its evidence regarding defendant's prior bad acts will
5 consist of" and the Government's motion *in limine* simply does nothing to remedy this problem.
6 Accordingly, defendant respectfully requests the Court require the Government to provide an offer of
7 proof of the purported "inextricable intertwined evidence" or Rule 404(b) evidence it intends to introduce
8 at trial before any such effort is made in order to avoid prejudice to the defendant.

9 **B.    The Government Fails to Identify the Purported Hearsay Statements It Anticipates the Defendant Will Seek to Introduce**

10

11    The Government seeks to "preclude the defense from making reference, in front of the jury, to
12 out-of-court statements made by the defendants, including all statements made by him/her to any
13 co-conspirator or to any other person at any time." Defendant is unaware of any authority to support
14 a blanket prohibition against out-of-court statements made by the defendants and the Government cites
15 none. The Government does not provide one example of such a statement it seeks to exclude in its
16 motion. The Government wants every conceivable out-of-court statements made by the defendants
17 excluded before considering them.

18    Defendant submits that the legislature created the Rules of Evidence for good reason and that the
19 Court is in the best position to judge when an out-of-court statement made by the defendants is
20 admissible or not rather than granting such a broad prohibition. Some out-of-court statements made by
21 the defendants may fall into well-recognized exceptions to the hearsay rule and others may not constitute
22 hearsay at all. Defendant submits that it would be unwise to grant the Government's request because it
23 would substantially risk denying the defendant due process, the right to confrontation and a fair trial.

24 **C.    The Government Fails to Cite Any Authority to Support Its Unprecedented Demand for a Preview of the Defense's Cross-examination**

25    The Government request the Court to order "the defendants, their attorneys, and through their
26 attorneys, all witnesses called by them, that they . . . "confine their cross examination and other
27 impeachment of any witness to the limits set forth by law . . ." The Government's request is highly
28 offensive to this counsel who has no intention to break the law.

Further, the Government demands that the defense "provide to the court and the government, outside the presence of the jury, a proffer of their proposed impeachment of the victim and her grandmother during cross examination prior to commencement of the cross examination." The Government provides no authority for such an unprecedented abuse of governmental power and is unaware of any authority that exists. Certainly, FRE 103 does not support such an overbearing process proposed by the Government.

Defendant submits that such heavy-handedness would likely violate his right to confrontation and the right to effective counsel. The defense is well-aware of the Rules of Evidence and what is, and is not, permissible while conducting zealous advocacy for his client. The Government's request for a preview of the defense's cross examination techniques is both intrusive and unworkable without substantial risk of invading counsel's attorney-client and work product privileges.

**D.     The Defense Does Not Intend to Introduce Evidence of Penalty or Collateral Consequences**

The defense is well-aware of the prohibition against reference to penalty or collateral consequences and did not intend to introduce such evidence at trial.

**E.     The Government Fails to Make a Sufficient Showing of the Foundation for Convictions and the Probative Value to Defendant's Character for Truthfulness**

Defendant addressed this issue in his own separately filed motion *in limine*. In that motion, defendant requested the Court to require the Government to make an offer of proof outside the presence of the jury as to the basis of the probative value of the charges listed on defendant's "rap sheet" that addresses his character for truthfulness. The Government's motion *in limine* fails to accomplish this. Accordingly, defendant reiterates the request.

Further, defendant reiterates his request that the Court require the Government to lay a proper foundation with a certified copy of the actual conviction record rather than the mere "rap sheet" that it produced in discovery before introducing any such evidence deemed to meet the dictates of Rule 609.

## II.     CONCLUSION

The Government's motion *in limine* is bereft of specificity making it difficult, if not impossible, for the defendant to provide a more detailed response. Further, some of the requests the Government makes of this Court is abusive and will deny the defendant a fair trial. The Rules of Evidence provide a sufficient basis for the Court to make proper rulings when specific evidentiary issues are confronted.

*UNITED STATES OF AMERICA v. BLAYLOCK*                                                                                          No. CR 07-0454 PJH
DEFENDANT SHANNON BLAYLOCK'S RESPONSE TO UNITED STATES' *MOTIONS IN LIMINE*

1  Blanket prohibitions against an entire source and form of statements is a recipe for reversible error.
2  Invading the province of the attorney-client and work product privileges by demanding a preview of
3  cross-examination the defense contemplates pursuing is both unprecedented and unworkable.  Based
4  upon the foregoing, defendant respectfully requests the Court to deny the Government's motion *in limine*
5  without prejudice to further specificity and elucidation as evidence is presented at the trial.

7  DATED: August 21, 2008            Respectfully submitted,

10                       By    /s/ Michael Stepanian
                                Michael Stepanian
11                              Attorneys for Defendant
                                Shannon Blaylock

---

*UNITED STATES OF AMERICA v. BLAYLOCK*                                                        No. CR 07-0454 PJH
DEFENDANT SHANNON BLAYLOCK'S RESPONSE TO UNITED STATES' *MOTIONS IN LIMINE*