JOSEPH P. RUSSONIELLO (CASBN 44332)
United States Attorney

BRIAN J. STRETCH (CASBN 163973)
Chief, Criminal Division

DENISE MARIE BARTON (MABN 634052)
C. DAVID HALL (CSBN 66081)
Assistant United States Attorneys

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-7359
   Facsimile: (415) 436-7234
   denise.barton@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br><br>    v.<br><br>SHANNON BLAYLOCK,<br><br>    Defendant | No. 07-0454 PJH<br><br>**UNITED STATES' NOTICE OF INTENT TO USE EVIDENCE OF OTHER CRIMES, WRONGS, AND BAD ACTS PURSUANT TO FEDERAL RULE OF EVIDENCE 404(B)**<br><br>Trial Date:   September 15, 2008<br>Time:          8:30 a.m. |

     The United States hereby provides notice to the Defendant of its intent to introduce evidence of the following crimes, wrongs, or acts during its case in chief with respect to both charged counts pursuant to Rule 404(b) of the Federal Rules of Evidence. The following proffers are intended to provide notice, not serve as a verbatim, or complete description of the entire testimony on each subject area.

//

//

//

UNITED STATES' NOTICE OF INTENT TO USE EVIDENCE OF OTHER CRIMES, WRONGS, AND BAD ACTS PURSUANT TO FEDERAL RULE OF EVIDENCE 404(B), CR 07-0454 PJH

1

# SPECIFIED CRIMES, WRONGS, OR ACTS UNDER
# FEDERAL RULE OF EVIDENCE 404(B)

1.      Antonio Williams is expected to testify that in March 2007, defendant Shannon Blaylock asked him he (Williams) wanted to make money pimping girls. Defendant Blaylock asked Williams to ask his girlfriend if her friends were interested in working for the defendant.

2.      Co-defendant Tawakoni Seaton is expected to testify that in late December 2004 and early January 2005, defendant Blaylock used a vehicle that she had rented for him to transport girls for the purposes of prostitution in Texas.

3.      Co-defendant Tawakoni Seaton is expected to testify that in or about August 2005, she and defendant Blaylock worked together to have Seaton engage in commercial sex acts in Las Vegas, including having Seaton call the defendant before and after she saw a "client" via cellular telephone and having the defendant collect the money she was paid.

4.      Co-defendant Tawakoni Seaton is expected to testify that beginning in or about August 2005 through March 2007, defendant Blaylock began operating as her "pimp - that she ordinarily gave Blaylock the money that she was paid to engage in commercial sex acts; that he controlled this money; and that he directed Seaton how to dress and wear her hair and make-up, advising her on at least on occasion that her appearance was a representation of him, and that it affected her client base.

5.      Co-defendant Tawakoni Seaton is expected to testify that in or about November 2005, Blaylock directed her to return to work as a prostitute following her breast augmentation surgery, telling her that bills had to be paid and that she need to get out and start earning money to pay for the augmentation surgery.

6.     Co-defendant Tawakoni Seaton is expected to testify that in or about December 2005 or January 2006, Blaylock began working as a pimp for several female prostitutes, including females known as "Jennifer, "Tasha," "Tamika"and "Tuesday." At or near this time, Seaton advised Blaylock that she believed "Tuesday" was underage; and that in response, Blaylock said that Seaton was jealous and accused Seaton of not liking the other "girls." Thereafter, Blaylock asked "Tuesday" to bring him an identification card.

7.     Co-defendant Tawakoni Seaton is expected to testify that in or about January 2006, the defendant Blaylock began working with another prostitute known as "Pooh" a/k/a Kayla LNU. When Seaton met "Pooh," Seaton asked "Pooh" about her age believing and later learning that she was a minor. Blaylock later procured a false Texas identification card for "Pooh" that showed that she was 18 years old.

8.     Co-defendant Tawakoni Seaton is expected to testify that in or about January 2006, the defendant Blaylock, Seaton, and "Pooh" were driving in a car. "Pooh" said something that appeared to anger the defendant. The defendant reached over the seat and started to choke "Pooh" and grabbed her hair and pulled her nails off, telling her that he was the one that had paid for her hair and nails.

9.     Co-defendant Tawakoni Seaton is expected to testify that in or about January 2006 or February 2006, the defendant took Seaton and "Pooh" to a strip club. After "Pooh" showed her identification to club security to enter the club, the club security guard would not let them enter due to the identification being fraudulent. The defendant put "Pooh's" identification card in his pocket and all three of them left.

10.    Co-defendant Tawakoni Seaton is expected to testify that in or about in or about January 2006 or February 2006, she told defendant Blaylock that she wanted to leave the

business. The defendant threatened to call the police and told her that he had her put all the prostitution business activity in her name so that it could not be connected to him.

11. Co-defendant Tawakoni Seaton is expected to testify that in or about February 2006, Blaylock traveled with her and other females to Detroit, Michigan where the Superbowl was being held and had them work as prostitutes in a hotel in Detroit. While there, the defendant broke his hand beating up a client who tried to leave without paying Seaton.

12. Co-defendant Tawakoni Seaton is expected to testify that in or about February 2006, Blaylock arrangement for a photographer to come photograph Seaton and other females working as prostitutes for him to use the photographs in the prostitution business.

13. Co-defendant Tawakoni Seaton is expected to testify that in or about March 2006, defendant Blaylock hit and choked her after learning that Seaton had sent "Pooh" away after she had caused problems in Las Vegas, NV. The defendant told Seaton that she needed to make more money now because "Pooh" was gone.

14. Co-defendant Tawakoni Seaton is expected to testify that in or about February 2007, the defendant Blaylock was purchasing bus tickets for several females to come and work for him as prostitutes.

15. The evidence will show that the defendant continued to prostitute at least one woman in hotels the San Francisco area in late March and early April 2007, after the victim, V.S., had returned to her family and was no longer being prostituted by the defendant.

# ARGUMENT[1]

The proffered acts are all admissible under Federal Rule of Evidence 404(b), which provides in pertinent part:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident....

The Ninth Circuit construes Rule 404(b) as a rule of inclusion and evidence of other crimes or acts is admissible thereunder except where it tends to prove only criminal disposition. *United States v. Ayers*, 924 F.2d 1468, 1472-1473 (9th Cir. 1991). Evidence of prior bad acts is admissible under this rule if

(1) the evidence tends to prove a material element of the offense charged,

(2) the prior act is not too remote in time,

(3) the evidence is sufficient to support a finding that the defendant committed the other act, and

(4) in cases where knowledge and intent are at issue, the act is similar to the offense charged.

*United States v. Plancarte-Alvarez*, 366 F.3d 1058, 1062 (9th Cir. 2004). The exceptions of knowledge, plan, motive, and opportunity are all closely related and it is unnecessary to specify the exception within which a particular item of evidence is admissible. *United States v. Green*, 648 F.2d 587, 592 (9th Cir. 1981).

In admitting Rule 404(b) evidence, the district court is *not* required to make a preliminary finding that the government has proved the "other act" evidence by a preponderance of the evidence before submitting such evidence to the jury. *United States v. Plancarte-Alvarez*, 366 F.3d at 1062. Rather, the district court need only determine that

---

[1] The United States has incorporated and supplemented the argument in made in its Omnibus Motion in Limine concerning Rule 404(b) evidence. *See Omnibus Motion in Limine* (*ECF Docket No. 80*), pp. 2-3.

1  there is *sufficient evidence* to support a finding by the jury that the defendant committed
2  the similar act. *Id.* The district court must also analyze the proffered evidence pursuant to
3  F.R.E. Rule 403 and determine whether its probative value outweighs its prejudicial effect.
4  *United States v. Arambula-Ruiz*, 987 F.2d 599, 602 (9th Cir. 1993).

5        The Ninth Circuit, and its sister circuits, has directly addressed the type of evidence
6  proffered by the United States and held this type of evidence to be admissible Rule 404(b)
7  evidence. In *United States v. Johnson*, the defendant was charged and convicted of
8  transportation of a minor for with intent to engage in criminal sexual conduct, in violation
9  of Title 18, United States Code, section 2423(a). At trial, the United States sought to
10 introduce evidence that the defendant had attempted to engage in sexual conduct with
11 other minors thirteen years earlier. 132 F.3d 1279, 1281-82 (9th Cir. 1997). The Court
12 addressed each of the factors to be considered in assessing proffered Rule 404(b)
13 evidence. First, the Court found that the evidence of the defendant's past sexual conduct
14 with minors demonstrated intent to engage in sexual conduct in the charged offense. *Id.* at
15 1282. Next, the Court held that the prior conduct - even with its factual differences in
16 commission - was sufficiently similar to the present charged crime. *Id.* at 1283. Third,
17 the Court held that the evidence was supported by sufficient evidence. *Id.* Notably, even
18 though the proffered evidence of the defendant's prior misconduct was to be proven by
19 one witness, the Court held that "this reliability threshold is not a high one, and the
20 testimony of one witness can be sufficient." *Id*. (noting the low threshold required for
21 admissibility under Rule 404(b))  The Court found that "the witnesses' testimony
22 concerning [the defendant's] sexual advances amounted to no more than unsubstantiated
23 innuendo, and the trial judge properly concluded that the jury could reasonably find by a
24 preponderance of the evidence that the prior acts had occurred." *Id*. Finally, the Court
25 found that the passage of thirteen years did not negate the admissibility of the evidence.
26 *Id*. ("this court has not yet identified a particular number of years after which past conduct
27 becomes too remote"). After engaging in this analysis, the Ninth Circuit held that the prior
28

1 "bad act" evidence was probative of intent and was properly admitted under Rule 404(b).
2 *See also United States v. Saunders*, 641 F.2d 659, 665-66 (9th Cir. 1981) (evidence of
3 prostitution after the charged prostitution activity and assaults on the prostitutes was
4 admissible to show intent, plan, and absence of mistake or accident); *United States v.*
5 *Curtis*, 481 F.3d 836, 838 (D. D.C. 2007) (in trial of defendant charged with sex
6 trafficking of a minor in violation of 18 U.S.C. § 1591, evidence of prior prostitution of a
7 minors was admissible under Rule 404(b) and should not be excluded under Rule 403);
8 *United States v. Riley*, 657 F.2d 1377, 1388 (8th Cir. 1981) (evidence that the defendant,
9 charged with transp engaged in acts of prostitution after the charged conduct was
10 admissible evidence under Rule 404(b)); *United States v. Drury*, 582 F.2d 1181 (8th Cir.
11 1978) (evidence that the defendant, charged with a Mann Act violation, had solicited
12 women for prostitution prior occasions, was admissible under Rule 404(b)).
13     The above cited case law regarding the admissibility of prior bad act evidence
14 under Rule 404(b) in the context of sexual exploitation crimes is consistent with well-
15 established law interpreting Rule 404(b) evidence in other contexts. In *United States v.*
16 *Basinger*, 60 F.3d 1400, 1407-1408 (9th Cir. 1995), the Ninth Circuit upheld the admission
17 of testimony relating to an uncharged traffic stop and arrest in California in a
18 methamphetamine manufacturing case in Washington. The traffic stop resulted in the
19 seizure of slightly more than one gram of methamphetamine, $10,440 cash, and a 90-
20 pound drum of red phosphorus from the defendant's vehicle. The court held that evidence
21 of the prior arrest was relevant to prove both knowledge and intent which are necessary
22 elements of the offense charged. *See also United States v. Otis*, 127 F.3d 829, 834 (9th Cir.
23 1997) (evidence of prior drug conviction properly admitted to show familiarity with
24 cocaine business and an inference of knowledge); *United States v. Jackson*, 84 F.3d
25 1154,1158-1159 (9th Cir. 1996)(evidence of a prior arrest and drug sales were relevant to
26 proof of knowledge and opportunity and therefore admissible); *United States v. Jones*, 982
27 F.2d 380, 382-383 (9th Cir. 1992) (admitting regarding prior uncharged rug distribution to
28

UNITED STATES' NOTICE OF INTENT TO USE EVIDENCE OF OTHER CRIMES, WRONGS, AND BAD
ACTS PURSUANT TO FEDERAL RULE OF EVIDENCE 404(B), CR 07-0454 PJH

explain co-conspirator relationship and place the offense conduct in context); *United States v. Ramirez-Jiminez*, 967 F.2d 1321, 1325-1327 (9th Cir. 1992) (prior false statement by defendant was probative of intent and properly admitted).
Evidence of prior bad acts is admissible under this rule if

Each of the four factors to be considered in assessing admissibility under Rule 404(b) support the admissibility of the proffered evidence. *See United States v. Plancarte-Alvarez*, 366 F.3d 1058, 1062 (9th Cir. 2004). With respect to the first element - whether the evidence tends to prove a material element of the offense charged - to convict the defendant, the United States must prove that the defendant did

(1) knowingly recruit, entice, harbor, transport, provide, or obtain by any means a person or benefit, financially or by receiving anything of value, from participation in a venture that did recruit, entice, harbor, transport, provide, or obtain by any means a person;

(2) knowing that the person had not attained the age of 18; and

(3) would be caused to engage in a commercial sex act.

The involvement of the defendant in the prostitution business, and specifically with minors engaged in prostitution, bears directly on his knowledge and intent in this offense to have a person engage in prostitution and more specifically, to have a minor engage in prostitution. A willingness by the defendant to stipulate to the defendant's prior involvement in prostitution does not negate the admissibility of the evidence under Rule 404(b). *See Old Chief v. United States*, 519 U.S. 172, 186-89 (1997) (the United States is generally permitted to determine how to present its case). The second factor - whether the prior act is too remote in time - also supports admissibility. The proffered evidence all occurred within two and one half years of the instant offense, well within the thirteen year window that was previously considered acceptable by the Ninth Circuit. *See United States v. Johnson*, 132 F.3d 1279, 1281-82 (9th Cir. 1997). The sufficiency of the evidence, the third factor to be considered, also supports admission of this evidence. The proffered

evidence will be introduced through the direct testimony of two witnesses, and in the case of the defendant's acts subsequent to the charged offense, through documentary evidence. Precisely this type of evidence has previously been found to be sufficient to support a finding that the defendant committed the proffered act. *Id.* at 1283 (the threshold for admissibility is not a high one and can be satisfied through the "innuendo" testimony of one witness). Finally, with regard to the fourth factor - whether in cases where knowledge and intent are at issue, the act is similar to the offense charged - the defendant's knowledge and intent are central to this case and the proffered acts all involve conduct extremely similar to the charged offense.

Further, although not required to allege which of the Rule 404(b) exceptions the proffered evidence falls within, *see United States v. Green*, 648 F.2d 587, 592 (9th Cir. 1981), the United States submits that the proffered evidence falls squarely within the exceptions recognized in Rule 404(b) - "intent, preparation, plan, knowledge, . . . or absence of mistake or accident." That the defendant had previously and continued to work as a pimp, prostituting minors demonstrates, *inter alia*, his intent to work in and knowledge of the prostitution business. His prior prostitution of minors and suspected minors, and his particular actions regarding the checking and obtaining of identification cards, directly bears on his intent to prostitute any females, including minors. Finally, his actions involving prostitution of minors bears directly on refuting any claim of mistake or accident in prostituting the minor in this case.

//
//
//
//
//
//
//

UNITED STATES' NOTICE OF INTENT TO USE EVIDENCE OF OTHER CRIMES, WRONGS, AND BAD ACTS PURSUANT TO FEDERAL RULE OF EVIDENCE 404(B), CR 07-0454 PJH
9

Finally, the proffered evidence should not be excluded under Federal Rule of Evidence 403 insofar as its probative value is not substantially outweighed by prejudice. Further, any prejudice that may arise can be ameliorated by a limiting instruction by this Court.

Finally, the proffered evidence should not be excluded under Federal Rule of Evidence 403 insofar as its probative value is not substantially outweighed by prejudice. Further, any prejudice that may arise can be ameliorated by a limiting instruction by this Court.

**CONCLUSION**

For all these reasons, this Court should permit introduction of the proffered evidence under Federal Rule of Evidence 404(b)..

Date: September 2, 2008          Respectfully submitted,

                                         JOSEPH P. RUSSONIELLO
                                         United States Attorney

                                         /s/
                                         DENISE MARIE BARTON
                                         C. DAVID HALL
                                         Assistant United States Attorneys