JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

DENISE MARIE BARTON (MABN 634052)
C. DAVID HALL (CSBN 66081)

Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-7168
   FAX: (415) 436-7234

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br>   v. <br> SHANNON BLAYLOCK, <br>     Defendant. | No. CR 07-0454 PJH <br><br> UNITED STATES' ADDITIONAL RESPONSE TO DEFENDANT'S MOTION TO EXCLUDE CO-CONSPIRATOR'S STATEMENTS <br><br> Trial Date: September 15, 2008 <br> Time: 8:30 a.m. |

The defendant is charged in a two-count indictment with conspiracy to sex trafficking with a 17-year old female, V.S. in violation of Title 18, United States Code, Section 371, and the substantive offense of sex trafficking with a minor, in violation of Title 18, United States Code, Section 1591. The conspiracy is alleged in the indictment to have existed from February, 2007 to March 22, 2007

.   Witnesses and Anticipated Testimony

The evidence will show that there was a conspiracy between Tawakoni Seaton (Seaton) to act as a prostitute for and assistant to defendant acting as pimp for her and other prostitutes, some of whom were less than 18 years of age since at least August of 2005. In 2005 the defendant

1  recruited to prostitute for him a female, Tuesday, without regard to the possibility she was a
2  minor.  In 2006, the defendant recruited to prostitute for him another female, Pooh, with full
3  knowledge she was under 18.  Again in February of 2007, the defendant recruited a 17-year old
4  female, V.S., with full knowledge that she was a minor to act as a prostitute.  V.S., at age 17,
5  acted as a prostitute with the aid and support of both Seaton and the defendant in February and
6  March of 2007 in Atlantic City, New Jersey, Louisiana, and the San Francisco area.  The
7  defendant arranged for V.S.'s travel between Atlantic City and San Francisco, as well as within
8  this area, and the hotels she used in the San Francisco area to engage in prostitution.

## Coconspirator Statements Against Codefendants

10  Evidence will be introduced through the testimony of various witnesses who participated
11 in the sex trafficking of a minor conspiracy, in particular V.S. and Seaton.  V.S. had
12 conversations with Seaton that she was under 18.  V.S. and Seaton had conversations with the
13 defendant that V.S. was under 18, and the defendant said she was still going to work first as a
14 receptionist and then as a prostitute.  Seaton additionally had conversations at the time the
15 defendant recruited them that Pooh and Tuesday were minors and the defendant told Seaton they
16 were still going to work as prostitutes.   Additionally the defendant made statements to and heard
17 by Seaton that he would use force, give gifts and travel to encourage all of the prostitutes
18 working for him, including minors to recruit or keep minor and adult women to work as
19 prostitutes and share their earnings with the defendant, acting as their pimp.  All these statements
20 in detail have now all been discovered to the defendant.  The statements are all admissible under
21 the co-conspirator exception to the hearsay rule embodied in Rule 801(d)(2)(E) of the Federal
22 Rules of Evidence.
23  In essence, this rule provides that evidence of the acts and conspiracy statements of one
24 coconspirator during and in furtherance of the conspiracy are admissible against other
25 coconspirators whether or not they were present at the time of the acts or statements.  See Salazar
26 v. United States, 405 F.2d 74 (9th Cir. 1968); Carbo v. United States, 314 F.2d 718, 735 (9th Cir.
27 1963), cert. denied, 377 U.S. 953 (1964).
28  The hearsay declaration of a coconspirator may be received into evidence upon a showing

GOV'T ADDITIONAL RESPONSE TO CO-CONSPIRATOR MOTION
[CR 07-0454] [PJH]                            2

1  that the declaration was made in furtherance of the conspiracy, that it was made during the
2  pendency of the conspiracy, and that there is proof sufficient to make out a prima facie case of
3  the existence of the conspiracy and of the defendant's participation in it.  United States v.
4  Bourjaily, 483 U.S. 171, 174 (1987).  The substantiality of independent evidence establishing a
5  defendant's complicity in the conspiracy need only be slight if the evidence of the conspiracy is
6  clearly established.  United States v. Dixon, 562 F.2d 1138, 1142 (9th Cir. 1977).
7       Once this is established, all involved defendants become liable ". . . for the acts of [their]
8  co-conspirators in furtherance of the conspiracy . . . even if [they are] unaware of the existence of
9  the acts or actors."  United States v. Oropeza, 564 F.2d 316, 322 (9th Cir. 1977); Testa, 548 F.2d
10 at 855.
11      Here, the government will show that the defendant was a member of a sex trafficking
12 conspiracy which used minor women, and in particular used V.S. as a prostitute in February and
13 March of 2007.  Witness Seaton (who has plead guilty to participation in the conspiracy) will
14 testify about the existence of this conspiracy and the defendant's membership in this conspiracy
15 as pimp.  Further, V.S. will testify as to statements made by her and from the defendant that she
16 wanted to and did work as a prostitute for the defendant and that she was a minor.
17      Admissibility of Co-Conspirator Statements
18      Under Fed. R. Evid. 801(d)(2)(E), "a statement by a coconspirator of a party during the
19 course of and in furtherance of the conspiracy" is not hearsay.  To admit statements of a
20 coconspirator against a defendant, there must be evidence that (1) the declarant and the defendant
21 were members of a conspiracy; and (2) the statements were made during and in furtherance of the
22 conspiracy.  Bourjaily v. United States, 483 U.S. 171, 175 (1987).  Under Bourjaily, the
23 requirements of Rule 801(d)(2)(E) and the confrontation clause of the Sixth Amendment are
24 identical.  483 U.S. at 182-84.  A coconspirator's statement is admissible upon proof that it was
25 made in furtherance of a conspiracy involving the defendant, whether or not that conspiracy is
26 charged in the indictment.  United States v. Manning, 56 F.3d 1188, 1196-97 (9th Cir. 1995);
27 United States v. Snow, 521 F.2d 730, 736 (9th Cir. 1975) (explaining that "[t]he admissions and
28 statements of a co-conspirator are admissible even where there is no charge of conspiracy, as

1   long as there is independent evidence of a concert of action").

2   In determining whether a conspiracy exists, the court may consider the coconspirator's
statements themselves, but those statements alone do not conclusively establish the existence of
the conspiracy.  United States v. Torres, 908 F.2d 1417, 1425 (9th Cir. 1990).  To determine
whether evidence supports the existence of a conspiracy, the court considers facts such as the
nature of the scheme, the identity of the participants, the quality, frequency and duration of each
conspirator's transactions, and the commonality of time and goals.  Id.

With respect to the second prong, the Ninth Circuit has held that "[m]ere conversations
among coconspirators, or merely narrative declarations among them, are not made 'in
furtherance' of a conspiracy."  United States v. Yarborough, 852 F.2d 1522, 1535 (9th Cir. 1988).
Instead, "to be 'in furtherance' the statements must further the common objectives of the
conspiracy or set in motion transactions that are an integral part of the conspiracy."  Id.  When
determining whether a statement was made "in furtherance" of the conspiracy, courts "do not
focus on its actual effect in advancing the goals of the conspiracy, but on the declarant's intent in
making the statement."  United States v. Zavala-Serra, 853 F.2d 1512, 1516 (9th Cir. 1988).

Each statement offered clearly show the the conspiracy goal of sextrafficking and the
defendant's knowledge that V.S. and other minors acting as prostitutes were in fact under 18. and
that these statements were made during the existence of the conspiracy which began in 2005 and
is alleged in the indictment as in existence in 2007.

The government believes that the statements are also admissible as statements against penal
interest. Federal Rule of Evidence 804(b)(3).

Dated: September 5, 2008

                                    Respectfully submitted,

                                    JOSEPH P. RUSSONIELLO
                                    United States Attorney


                              _____/s/_____
                              C. DAVID HALL
                              Assistant United States Attorney

GOV'T ADDITIONAL RESPONSE TO CO-CONSPIRATOR MOTION
[CR 07-0454] [PJH]                         4