JOSEPH P. RUSSONIELLO (CASBN 44332)
United States Attorney

BRIAN J. STRETCH (CASBN 163973)
Chief, Criminal Division

DENISE MARIE BARTON (MABN 634052)
C. DAVID HALL (CSBN 66081)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7359
    Facsimile: (415) 436-7234
    denise.barton@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>    Plaintiff )<br>)<br>    v. )<br>)<br>SHANNON BLAYLOCK, )<br>)<br>    Defendant )<br>) | No. 07-0454 PJH<br><br>**SUPPLEMENT TO UNITED STATES' NOTICE OF INTENT TO USE EVIDENCE OF OTHER CRIMES, WRONGS, AND BAD ACTS PURSUANT TO FEDERAL RULE OF EVIDENCE 404(B)**<br><br>Trial Date:    September 15, 2008<br>Time:    8:30 a.m. |

    The United States hereby provides notice to the Defendant of its intent to introduce evidence of the following supplemental crimes, wrongs, or acts during its case in chief with respect to both charged counts pursuant to Rule 404(b) of the Federal Rules of Evidence in addition to those filed on September 2, 2008. *See UNITED STATES' NOTICE OF INTENT TO USE EVIDENCE OF OTHER CRIMES, WRONGS, AND BAD ACTS PURSUANT TO FEDERAL RULE OF EVIDENCE 404(B), ECF Docket No. 113.* Notice of these acts has previously been produced in discovery to defense counsel.

    The following proffers are intended to provide notice, not serve as a verbatim, or

complete description of the entire testimony on each subject area.

## SUPPLEMENTAL SPECIFIED CRIMES, WRONGS, OR ACTS UNDER FEDERAL RULE OF EVIDENCE 404(B)

1.	Co-defendant Tawakoni Seaton is expected to testify that in or about December 25, 2005, while she and the defendant were in Tyler, Texas, he banged on the dresser, stated that he was "going to be a pimp," grabbed her by the face, squeezed her cheeks together, and kept repeating that he was going to be a pimp.

2.	Co-defendant Tawakoni Seaton is expected to testify that in or about January 2006, Blaylock and Seaton argued. Referring to the prostitution business, defendant Blaylock said that he, not Seaton, was going to be running things; that he was "sick of her shit;" and that she could leave at any time. In the course of this argument, defendant Blaylock punched Seaton in the eye; started to choke her; put her head through the wall when she talked back to him; hit her in the face with a laptop computer; hit her several times with the laptop computer; and kicked her several times, causing her to defecate herself. Seaton was thereafter admitted to the hospital. While Seaton was in the hospital, the defendant called her and told her that she should not tell the police it was him who had hurt her.

3.	Co-defendant Tawakoni Seaton is expected to testify that in or about March 2006, she told the defendant Blaylock that she was going to leave him. In response, Blaylock said that the only way that she could leave is if she found another pimp because she could not be a "renegade" bitch.

4.	Co-defendant Tawakoni Seaton is expected to testify that in or about March 2006, Seaton met up with another pimp and told the defendant Blaylock. The other pimp told Blaylock that Seaton was with him and the defendant said "you know that bitch is crazy, 5.

	Co-defendant Tawakoni Seaton is expected to testify that in or about March 2006, when she returned to her house to retrieve her possession, Blaylock was there with a woman known as Daphene Vickers. The defendant hit Seaton in the head with a handgun and kicked her; Seaton hid in the closet; and Blaylock said that he had lied when he had

said that she could leave him.

## ARGUMENT

For the reasons set forth in the *UNITED STATES' NOTICE OF INTENT TO USE EVIDENCE OF OTHER CRIMES, WRONGS, AND BAD ACTS PURSUANT TO FEDERAL RULE OF EVIDENCE 404(B), ECF Docket No. 113,* the involvement of the defendant in prostitution and his actions towards one of the prostitutes who worked for him bears directly on his preparation and plan for his prostitution business and his knowledge and intent in working in the prostitution business. The proffered evidence all occurred within two and one half years of the instant offense. The evidence will be presented through the testimony of a cooperating witness, co-defendant Tawakoni Seaton. The acts is similar to the offense charged insofar as the acts all relate to the defendant's ongoing actions as a pimp..

Date: September 5, 2008　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　JOSEPH P. RUSSONIELLO
　　　　　　　　　　　　　　　　　　United States Attorney


　　　　　　　　　　　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　　DENISE MARIE BARTON
　　　　　　　　　　　　　　　　　　C. DAVID HALL
　　　　　　　　　　　　　　　　　　Assistant United States Attorneys

UNITED STATES' NOTICE OF INTENT TO USE EVIDENCE OF OTHER CRIMES, WRONGS, AND BAD ACTS PURSUANT TO FEDERAL RULE OF EVIDENCE 404(B), CR 07-0454 PJH