UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

        v.

SHANNON BLAYLOCK,

    Defendant.
_____/

No. CR 07-0454 PJH

**SECOND ADDENDUM TO FINAL PRETRIAL ORDER RE: EVIDENCE OF OTHER ACTS**

At the August 27, 2008 pretrial conference, the court ordered the government to file a list of its Rule 404(b) and non-Rule 404(b) "inextricably intertwined" or background evidence by Tuesday, September 2, 2008. The court ordered the defendant to file his opposition by Wednesday, September 3, 2008. That order was memorialized by the minute entry filed on August 28, 2008. In spite of the court's clear instruction on the record and the minute entry, the government failed to segregate the Rule 404(b) evidence from the non-Rule 404(b) evidence in its September 2nd notice and filed a supplemental notice on September 5th without leave of court, while defendant failed to file anything by September 3rd, and contended in his September 10th response that he was not provided with a deadline by which to file his opposition. The court only hopes that the parties' inattention to the details of trial preparation is not an indication of the way the case will be tried next week. Nevertheless, given the fact that the court has considered the government's late filing of September 5, 2008, and given that defendant's late filing is

helpful to the court in understanding the issues raised by the pretrial motions, it has been considered by the court. Based on these filings, the court REVISES the September 9, 2008 final pretrial order regarding the other act evidence as set forth at pages 1-4.

As noted in that order, in his motion in limine to exclude other act evidence, defendant sought to exclude 1) evidence regarding his sex-trafficking of adult women, 2) evidence of his alleged domestic violence against co-defendant Seaton, and 3) any other irrelevant and prejudicial bad act evidence. The main issue at trial will apparently be whether defendant had knowledge that the victim was a minor. While defendant is not charged with sex-trafficking of adult women, the court disagrees that evidence of sex-trafficking of adult women is irrelevant for Rule 404(b) purposes for a several reasons. First, and most obvious, while sex-trafficking of adults is not the same as sex-trafficking of minors it is *similar* in all respects except for the age of the trafficked females. Second, the evidence of how sex-trafficking of adults was conducted may reflect the measures that defendant has or has not undertaken to ensure that his sex-trafficking did not involve minors, or reflect his attitude about whether minors were to be avoided or sought. Third, evidence of defendant's exposure to adults engaged in prostitution, may suggest an ability or an inability on his part to detect minors from adults. The court agrees with defendant that in light of the evidence of sex-trafficking of adults, he may introduce evidence that shows that the trafficking was with adults and not with minors. So, while defendant raises legitimate arguments under Rule 403 regarding the cumulative and/or prejudicial nature of some of the proffered evidence, the court finds that most of the proffered evidence is admissible as non-Rule 404(b) background evidence and that some smaller amount of it is admissible as it does indeed bear on defendant's knowledge, as well as opportunity, plan, preparation or absence of mistake.

With regard to the alleged domestic violence involving Seaton, the court is persuaded that much of this evidence is irrelevant, cumulative, and unduly prejudicial under Rules 402 and 403. The evidence has no direct bearing on the charges in this case. It may, however, be relevant with respect to Seaton's credibility. Defendant argues that if this

evidence is admitted, he should be permitted to introduce evidence of Seaton's long history of mental illness. This argument suggests to the court that defendant will not introduce evidence of Seaton's mental illness, if the evidence of violence inflicted on her by him is excluded. However, the court agrees that to the extent that Seaton's mental illness bears on her credibility, such evidence would be admissible (by cross-examination of Seaton, but probably not by extrinsic evidence, FRE 608). Moreover, defendant's violent conduct towards Seaton may suggest a motive for her testimony. However, the evidence does overall tend to paint defendant in a negative light without providing much if any probative value to the actual charges. It will accordingly be excluded *unless* defendant, through cross-examination of Seaton, his own testimony, or the testimony of a defense witness, opens the door to this subject with evidence, for example, of Seaton's history of mental illness.

As noted in the final pretrial order, the government has not only commingled the Rule 404(b) and non-Rule 404(b) other acts evidence, it has commingled non-conduct statements which should appropriately be analyzed separately as hearsay admissible, or not, under the coconspirator or other exception. Thus the court revises the ruling on the government's September 2 and 5, 2008 notices on a paragraph-by-paragraph basis as follows:

**September 2, 2008 Filing**

¶ 1.   As the court already ruled in its September 9, 2008 order, the statements constitute hearsay, and the court concludes that they are not admissible under Rule 404(b) or as non-Rule 404(b) "inextricably intertwined" evidence.

¶ 2.   The court finds this evidence admissible as non-Rule 404(b) "inextricably intertwined" evidence that is necessary to complete the story.

¶ 3.   The court finds this evidence admissible as non-Rule 404(b) "inextricably intertwined" evidence that is necessary to complete the story.

¶ 4.   The court finds this evidence admissible as non-Rule 404(b) "inextricably intertwined" evidence that is necessary to complete the story.

¶ 5.    The court finds this evidence admissible as non-Rule 404(b) "inextricably intertwined" evidence that is necessary to complete the story.

¶ 6.    The court finds that the evidence in the **first sentence** of this paragraph is admissible as non-Rule 404(b) "inextricably intertwined" evidence that is necessary to complete the story.  The court finds that the evidence in the **third sentence** of this paragraph is admissible both as non-Rule 404(b) "inextricably intertwined" evidence that is necessary to complete the story, and also as Rule 404(b) evidence because it bears on defendant's intent, plan, knowledge, and the absence of a mistake or accident with respect to a possible minor.  As for the **second sentence**, the court finds that the two statements contained therein are not admissible unless the government makes the requisite coconspirator showing required by this court's September 11, 2008 addendum to the final pretrial order, or demonstrates that either and/or both statements satisfy another exception to the hearsay rule.

¶ 7.    The court finds that the evidence in the **first sentence** of this paragraph is admissible as non-Rule  404(b) "inextricably intertwined" evidence that is necessary to complete the story.  The court finds that the evidence in the **third sentence** of this paragraph is admissible both as non-Rule 404(b) "inextricably intertwined" evidence that is necessary to complete the story, and also as Rule 404(b) evidence because it bears on defendant's intent, plan, knowledge, and the absence of a mistake or accident with respect to a possible minor.  As for the **second sentence**, the court finds that the statement is not admissible unless the government makes the requisite coconspirator showing or demonstrates that it satisfies another exception to the hearsay rule.

¶ 8.    The court finds this evidence admissible as non-Rule 404(b) "inextricably intertwined" evidence that is necessary to complete the story.

¶ 9.    The court finds this evidence admissible as Rule 404(b) evidence because it shows intent, plan, knowledge, and the absence of a mistake or accident.

¶ 10.   The court finds this evidence admissible as non-Rule 404(b) "inextricably intertwined" evidence that is necessary to complete the story.

¶ 11.  The court finds this evidence admissible as non-Rule 404(b) "inextricably intertwined" evidence that is necessary to complete the story.  The court notes that, in contrast to the proffered evidence regarding the alleged domestic violence inflicted on Seaton by defendant, the violent incident included in this paragraph is relevant to demonstrate the control and protection defendant exercised for and over women employed by him and is not unduly prejudicial.

¶ 12.  The court finds this evidence admissible as non-Rule 404(b) "inextricably intertwined" evidence that is necessary to complete the story.

¶ 13.  The court finds this evidence inadmissible as cumulative and unduly prejudicial under Rule 403 for the same reasons as those discussed above regarding the alleged domestic violence inflicted on Seaton by defendant.

¶ 14.  The court finds this evidence admissible as non-Rule 404(b) "inextricably intertwined" evidence that is necessary to complete the story.

¶ 15.  The court finds this evidence irrelevant and inadmissible under Rule 402.

**September 5, 2008 Filing**

For the reasons stated above, the court finds the evidence reflected in all five paragraphs is inadmissible under Rules 402 and 403.

**IT IS SO ORDERED.**

Dated: September 12, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge

5