United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

SHANNON D. BLAYLOCK,

Defendant.

Case No.  4:07-cr-00454-PJH-1

**ORDER DENYING REQUEST FOR HALFWAY HOUSE PLACEMENT RECOMMENDATION**

Re: Docket Nos. 165, 166

Defendant Shannon Blaylock, appearing pro se, has filed a request for a recommendation by the court for placement at a Residential Re-entry Center (RRC) for 12 months to maximize his ability to re-enter society.  Doc. no. 165.  The defendant filed an amended motion to include his case number.  Doc. no. 166.  The court determines that the matter can be decided without a response from the government and without a hearing and DENIES the request for the following reasons.

On January 28, 2009, judgment was entered pursuant to a plea on Count Two of the indictment, sex trafficking of a minor in violation of 18 U.S.C. § 1591.  The government dismissed Count One of the indictment which charged conspiracy to engage in sex trafficking of a minor.  The court sentenced defendant to a term of 130 months imprisonment to run consecutive to the sentences imposed in Harris County, Texas (case numbers 1006249 and 1105919).  Defendant was also sentenced to supervised release for a term of five years upon release from imprisonment.  In addition, the court made two recommendations to the Bureau of Prisons: for defendant to be designated to FCI Seagoville, Texas to facilitate family visits and for defendant to participate in the Bureau

United States District Court
Northern District of California

1    of Prisons 500 hour Residential Drug Treatment Program.  Defendant now asks the court

2    to recommend a 12-month placement at a halfway house to enable him to save money

3    and prepare for his transition back into society before he is released.

4              The Ninth Circuit recognizes that "[t]he Bureau of Prisons has the statutory

5    authority to choose the locations where prisoners serve their sentence."  *United States v.*

6    *Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011) (per curiam) (citing 18 U.S.C. § 3621(b)

7    ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment.")).  The

8    recommendations of the sentencing court to the BOP for where the sentence should be

9    served are only given non-binding weight.  *Id.*  "'While a [district court] judge has wide

10   discretion in determining the length and type of sentence, the court has no jurisdiction to

11   select the place where the sentence will be served.  Authority to determine place of

12   confinement resides in the executive branch of government and is delegated to the

13   Bureau of Prisons.'"  *Id.*  (quoting *United States v. Dragna,* 746 F.2d 457, 458 (9th Cir.

14   1984) (per curiam)).

15             As a discretionary matter, the court declines to make a recommendation to the

16   BOP concerning the length of RRC placement more than seven years after sentencing

17   defendant when the court's recollection of defendant and his circumstances is less than

18   clear.  Under Section 3621(b), the BOP is authorized to "designate any available penal or

19   correctional facility . . . that the Bureau determines to be appropriate and suitable,"

20   including RRCs.  *See Rodriguez v. Smith*, 541 F.3d 1180, 1182 (9th Cir. 2008) ("Under

21   18 U.S.C. § 3621(b), the BOP has authority to designate the place of an inmate's

22   imprisonment.").  The BOP is in the better position to consider defendant's request for

23   RRC placement in light of defendant's circumstances and the availability and

24   / /

25   / /

26   / /

27

28

2

suitability of RRC facilities.  The motion for recommendation to the BOP is therefore

DENIED.

**IT IS SO ORDERED.**

Dated:  June 28, 2016

_____

PHYLLIS J. HAMILTON
United States District Judge

United States District Court
Northern District of California