UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHANNON BLAYLOCK,<br><br>Defendant/Movant. | Case No. 07-cr-00454-PJH-1<br><br>**ORDER GRANTING REQUEST FOR RECOMMENDATION FOR DESIGNATION NUNC PRO TUNC OF STATE PENAL INSTITUTION AS PLACE OF CONFINEMENT**<br><br>Re: Dkt. No. 170 |
|---|---|

Before the court is the motion of defendant/movant Shannon Blaylock for an order recommending designation nunc pro tunc of the state penal institution as his place of confinement to serve his federal sentence as of October 14, 2009, when his state obligation was satisfied under the two state sentences imposed prior to the imposition of his federal sentence. Dkt. no. 170. On January 28, 2009, the court convicted Blaylock of one count of sex trafficking of a minor in violation of 18 U.S.C. § 1591 and sentenced him to a term of imprisonment of 130 months to run consecutive to the sentences imposed in Harris County, Texas case numbers 1006249 and 1105919. Dkt. no. 152. Blaylock asserts that he completed his state prison sentences in those state cases on October 14, 2009, but was transferred to the custody of the Smith County, Texas Sheriff's Department rather than federal custody. On October 26, 2009, the Smith County, Texas district court revoked Blaylock's probation for contempt of court in violation of a child support order and sentenced Blaylock to 180 days imprisonment to run concurrent with his federal sentence. Dkt. no. 170, Ex. A.

Blaylock indicates that the Federal Bureau of Prisons (BOP) has revised the

1 calculation of his federal sentence commencement date from October 14, 2009, when he
2 completed his state sentences to which the court ordered the federal sentence to run
3 consecutively, to April 23, 2010, when Blaylock satisfied the 180-day state obligation that
4 was subsequently imposed by the Smith County district court. Blaylock seeks a
5 recommendation by the court for the federal sentence to run concurrent with the 180-day
6 state sentence that was imposed after the court ordered the federal sentence.

7 The Designation and Sentence Computation Center for the BOP has filed a letter
8 with the court stating that at the time Blaylock was federally sentenced, he was serving
9 an 8-year prison term imposed by the state of Texas on November 1, 2007, in the two
10 Harris County cases identified in the judgment. BOP explains that on October 14, 2009,
11 Blaylock satisfied that state sentence, but he was held in custody on other pending state
12 charges. On October 26, 2009, the state of Texas revoked Blaylock's probation and
13 sentenced him to the 180-day term of imprisonment for contempt of court for non-
14 payment of child support. Blaylock's 180-day state sentence was satisfied on April 23,
15 2010, and he was released to the federal detainer on May 5, 2010, to commence the
16 service of his federal sentence. Recognizing that the authority to order a federal
17 sentence concurrent or consecutive with any other sentence rests with the federal
18 sentencing court, the BOP suggests that the court may order, recommend or otherwise
19 indicate that the federal term is to be concurrent with the subsequently imposed 180-day
20 state term. Dkt. no. 169 (citing *Setser v. United States*, 566 U.S. 231 (2012) and 18
21 U.S.C. § 3621(b)).

22 Absent federal statutory authority, a district court does not have inherent authority
23 to amend the sentence after entry of the judgment and commitment order. *United States*
24 *v. Ceballos*, 671 F.3d 852, 854 (9th Cir. 2011) (per curiam). Because Blaylock does not
25 request correction of his federal sentence, the court does not construe his request as a
26 motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255. Before
27 the court recharacterizes a pro se litigant's motion as his first § 2255 motion, the court
28 must inform the litigant of its intent to do so, and provide notice that recharacterization

means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions. *Castro v. United States*, 540 U.S. 375, 377, 383 (2003); *United States v. Seesing*, 234 F.3d 456, 464 (9th Cir. 2001). To the extent that Blaylock seeks an amended judgment correcting the sentence to order that the federal sentence run concurrent with the 180-day state sentence imposed by the Smith County district court in case number 99-0062-E, Blaylock must either (a) file a statement indicating his consent to recharacterizing his request for designation nunc pro tunc of the state penal institution by the BOP as a § 2255 motion; or (b) file a single, all-inclusive § 2255 motion that asserts all his claims for collateral relief.

Accordingly, Blaylock's instant request is construed as one for a recommendation to BOP for designation nunc pro tunc of the state institution as his place of confinement for serving his federal sentence when he served his 180-day state sentence. The Ninth Circuit recognizes that "[t]he Bureau of Prisons has the statutory authority to choose the locations where prisoners serve their sentence." *Ceballos*, 671 F.3d at 855 (citing 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment.")). The recommendations of the sentencing court to the BOP for where the sentence should be served are only given non-binding weight. *Id. See Setser*, 566 U.S. at 239-40 (section 3621 "is not a sentencing provision but a place-of-confinement provision," and does not confer authority on the Bureau of Prisons to choose between concurrent and consecutive sentences). The BOP has also requested that the court indicate whether Blaylock's federal sentence be concurrent with the 180-day state term.

In response to the BOP's request, the court recommends, pursuant to 18 U.S.C. § 3621(b), that the BOP retroactively designate the state penal institution for service of Blaylock's federal sentence during the time that Blaylock served his 180-day state obligation imposed on October 26, 2009. This retroactive designation would respect the intent of the state sentencing court that Blaylock serve 180 days concurrent with the federal sentence, and would be in accordance with this court's intent that the federal sentence run consecutive only to the state sentences imposed in Harris County, Texas.

To be clear, the court did not order that Blaylock's federal sentence run consecutively to the 180-day state sentence subsequently imposed in Smith County, Texas, so that designating the state institution would not be inconsistent with the federal sentence ordered by the court. *Cf. Taylor v. Sawyer*, 284 F.3d 1143, 1150 (9th Cir. 2002) (holding that BOP was under no obligation to follow a state sentence that was ordered to run concurrently with a pre-existing federal sentence where the federal sentencing judge expressed that concurrent sentences would not be consistent with the goals of the criminal justice system), *abrogated on other grounds as recognized by United States v. Montes-Ruiz*, 745 F.3d 1286, 1290 (9th Cir. 2014).

For the reasons set forth above, the court GRANTS Blaylock's request for a recommendation to BOP for designation nunc pro tunc of the state institution during his 180-day state sentence as the place of confinement for serving his federal sentence.

**IT IS SO ORDERED.**

Dated: September 10, 2018

_____
PHYLLIS J. HAMILTON
United States District Judge