UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>SHANNON BLAYLOCK,<br>Defendant. | Case No. 07-cr-00454-PJH-1<br><br>**ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>Re: Dkt. No. 173 |

Before the court is the motion of defendant Shannon Blaylock for early termination of supervised release, filed pursuant to 18 U.S.C. § 3564(c) and 3583(e)(1). See Dkt. 173. The government has filed an opposition to the motion for early termination. See Dkt. 175. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows

## BACKGROUND

On September 15, 2008, defendant pled guilty to one count of sex trafficking of a minor under 18 U.S.C. § 1591. See Dkt. 131. On February 2, 2009, the court sentenced defendant to 130 months imprisonment, to be followed by five years of supervised release. See Dkt. 152.

Defendant's term of supervised release began on March 22, 2019. See Dkt. 173 at 2; Dkt. 175 at 2. Defendant's term of supervised release is scheduled to end on March 21, 2024. See id. Defendant now seeks termination of his supervised release term.

## LEGAL STANDARD

Early termination of supervised release is governed by 18 U.S.C. § 3583(e), which

requires the court to consider factors set forth in § 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).  Those factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the need for deterrence, the need to protect the public, the applicable Guidelines sentencing range, the need to avoid unwarranted sentencing disparities, and the need to provide defendant with training, medical care, or other correctional treatment.  See United States v. Gross, 307 F.3d 1043, 1044 (9th Cir. 2002) (considering factors enumerated in § 3583(e) for early termination of supervised release).

After considering those § 3553(a) factors, the court may "terminate a term of supervised release previously ordered and discharge the defendant at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1).  "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination."  See United States v. Ponce, 22 F.4th 1045, 1047 (9th Cir. 2022) (citing United States v. Emmett, 749 F.3d 817, 819 (9th Cir. 2014)).

**DISCUSSION**

Defendant's motion for early termination of supervised release appears to be based on the grounds that (1) he has obtained a commercial trucking license and a truck/trailer, and is married and living in Texas, and (2) he has "abided by all the conditions of his release."  See Dkt. 173 at 2.

Defendant's counsel has also submitted a declaration stating that defendant's therapist "believes that no further treatment is necessary," though the therapist does "continue to monitor Mr. Blaylock's computer."  Dkt. 173 at 3.

Defendant does not assert that there have been any extenuating circumstances since the time of sentencing in support of early termination, such as change in medical condition or personal circumstances.

The government has filed an opposition to defendant's motion. See Dkt. 175. The government argues that defendant "has failed to offer any facts justifying early termination" and "no change in circumstances" that would warrant "reevaluation of his sentence." Id. at 1.

Defendant is currently under courtesy supervision in Texas, and the Probation Office for the Southern District of Texas has informed the court that it does not provide recommendations regarding early termination of supervised release for those on supervision for a sex offense. See, e.g., Dkt. 175 at 2.

The "overarching principle" of § 3553(a) is to craft a sentence that is sufficient, but not greater than necessary, to satisfy the purposes of sentencing. See United States v. Chavez, 611 F.3d 1006, 1010 (9th Cir. 2010) (citing United States v. Booker, 543 U.S. 220, 233 (2005) and Kimbrough v. United States, 552 U.S. 85, 101 (2007)). At the time the court imposed the sentence, the undersigned carefully considered the same § 3553(a) factors that are implicated in the request for early termination of supervised release. Defendant has failed to demonstrate any circumstances that would render the five-year supervised release term either too harsh or inappropriately tailored to serve general punishment goals. See United States v. Miller, 205 F.3d 1098, 1101 (9th Cir. 2000); United States v. Gross, 307 F.3d 1043, 1044 (9th Cir. 2002).

In particular, the government notes that Blaylock's co-defendant was also given a five-year term of supervised release, and thus granting this motion would result in a sentencing disparity between the two defendants who pled guilty to the same offense. Dkt. 175 at 8. In fact, because Blaylock was identified by the victim as the "main guy" in the trafficking scheme, the government argues that a disparity favoring the "more culpable" Blaylock would be particularly unwarranted in this case. See id. at 2, 8. The court agrees that reducing defendant's supervised release term by nearly two years would result in an unwarranted disparity. While defendant is to be commended for complying with the conditions of supervised release, the court does not find that this positive conduct is sufficient to warrant termination of a five-year term of supervised

1  release when nearly two years remain to be served.

2      Moreover, as provided by 18 U.S.C. § 3553(a), the court considers the seriousness of the underlying criminal conduct and defendant's criminal history, and in this case, those factors weigh significantly against granting defendant's motion. Defendant pled guilty to sex trafficking of a minor, and his prior criminal history put him in category V for purposes of sentencing. See Dkt. 131, 175.

    The defendant, "as the party receiving the benefit of early termination," bears the burden of demonstrating that early termination of supervised release is justified. United States v. Weber, 451 F.3d 552, 559 n.9 (9th Cir. 2006). Defendant has not met that burden with this motion. Accordingly, defendant's motion for early termination of supervised release (Dkt. 173) is DENIED.

**IT IS SO ORDERED.**

Dated: June 21, 2022

                                /s/ *Phyllis J. Hamilton*
                              PHYLLIS J. HAMILTON
                              United States District Judge